(35 App. Div. 282.)

## FELTER et al. v. ACKERSON et al.

(Supreme Court, Appellate Division, Second Department. December 6, 1898.)

1. WILLS—CONSTRUCTION—CREATION OF TRUST.

A will leaving property to the testator's children, and providing that the shares of two of them "be held in trust for them, and that R. act as trustee of said property, and pay over * * * the respective incomes derived therefrom," creates a trust in the shares of such two children during their lives.

2. SAME—REMAINDER.

A will, in one clause, left all of testator's property to his children, "share and share alike," and in the next clause provided that the shares of two of them be held in trust for them during their lives. *Held*, that they had a vested remainder in their shares, and not merely a life estate.

Appeal from special term.

Action by William S. Felter and another against Jane E. Ackerson and others to construe the will of John J. Felter. From the judgment, plaintiffs appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Abram A. Demarest, for appellants.

Harvey De Baun, for respondents.

CULLEN, J. This action is for the construction of the will of John J. Felter. The following are the only parts of the will material to this controversy:

"3rd. All the rest, residue, and remainder of my property, both real and personal, I give and bequeath to my four sons and two daughters, viz.: Charles Felter, Jane E. Ackerson, Mary L. Felter, George S. Felter, William S. Felter and John J. Felter, Jr., to be divided equally between them, share and share alike." "7th. I order and direct that the shares to be given to my sons William S. Felter and John J. Felter, Jr., be held in trust for them, and that George William Reimer, of Rockland Lake, act as trustee of said property, and pay over to said William S. Felter and John J. Felter, Jr., the respective incomes derived therefrom."

The learned judge at special term held that by the seventh clause valid trusts were created in the shares of the two plaintiffs, to continue during their respective lives, and that as to the remainders on their death the testator died intestate, and that the same passed to his heirs at law.

We think the decision of the special term, that a valid trust was created in each of the shares of the sons, William S. and John J., was correct. It is true that in the will there is found no express bequest or devise to the trustee; but, nevertheless, the intent of the testator is expressed too clearly to admit of mistake, and a devise or bequest to the trustee may be implied. Brewster v. Striker, 2 N. Y. 19. "It is by no means necessary that the donee should be expressly directed to hold the property to certain uses or in trust, or as a trustee. * * * It is one of the fixed rules of equitable construction that there is no magic in particular words, and any expressions that show unequivocally the intention of the parties to create a trust will have

that effect." Hill, Trustees (3d Ed.) 99; Tobias v. Ketchum, 32 N. Y. 319. See, also, Ward v. Ward, 105 N. Y. 68, 11 N. E. 373.

But we think that the court at special term erred in its determination that the remainders in these shares after the death of the respective equitable life tenants were undisposed of by the will. The third clause, standing by itself, would give to the plaintiffs absolute estates in their respective shares. Two rules of law relative to the construction of wills are well settled. The first is that, where an estate is given in one part of the will in clear and decisive terms, it cannot be cut down by any words in a subsequent clause that are not as clear and decisive as the words of the clause giving that estate. Roseboom v. Roseboom, 81 N. Y. 356. Second, that the law prefers a construction of a will which will prevent intestacy to one that will permit it. Vernon v. Vernon, 53 N. Y. 351. We are of opinion that the direction of the seventh clause, that the shares of the plaintiffs be held in trust, is so clear and express as to limit the previous absolute gift found in the third clause. But the provisions of the seventh clause modify or abrogate those of the third clause only to the extent to which the provisions are inconsistent. The special term held, and rightly, as we think, that a trust in one of these shares was created only during the life of the equitable life tenant. Therefore to this extent only does the seventh clause revoke or modify the absolute gift found in the previous clause. The remainder after the death of the life tenant, which was given to such life tenant by the third clause, remains wholly unaffected by the subsequent dispositions of the will, which deal only with the life estate.

The judgment appealed from should be modified so as to declare that each of the plaintiffs has a vested remainder in his share from and after his own decease; the costs of all parties to be paid out of the estate. All concur.