Addison M. Sherman, Plaintiff, *v.* Richmond Hose Co. No. 2, Bankers' Trust Company of Buffalo, N. Y., as Administrator with the Will Annexed of Adelaide Richmond Kenny, Deceased, Edward C. Atwater, Alice Atwater Hickox, Frances Atwater Clapp, and William L. Atwater, Defendants.

(Supreme Court, Erie Trial Term, August, 1917.)

Legacies — lapsed — gifts — vesting — wills — title.
Wills — provisions of — legacy — vesting — gifts — title.

A lapsed legacy is one which has never vested or taken effect and has been defined as one which originally valid afterward fails because the capacity or willingness of the donee to take had ceased to exist before he obtained a vested interest in the gift.

A condition subsequent annexed to a legacy will not upon breach operate to divest title of the legatee unless there is an express gift over on breach of the condition.

If such a condition be possible of performance at the time of its imposition, and it afterward, either by act of God or operation of law, becomes impossible of performance, the estate of the grantee being once vested is not thereby divested.

A will provided that a bequest of a certain sum to a hose company should be kept at all times intact and the income devoted to the reasonable and proper uses of the legatee for whatever purposes its members acting as an organization might see fit to direct, and the will further provided that if for any reason the legacy should lapse, or fail, or for any cause not take effect, in whole or in part, the legacy should go to another. The hose company was in existence at the time of the death

of the testatrix. *Held,* that the legacy became vested and neither lapsed nor failed because by an act of the legislature the hose company was thereafter deprived of power to use the fund for fire fighting purposes.

The gift of the income of the fund having been made with no conflicting disposition of the corpus thereof the members of the hose company in the circumstances took title to the same.

ACTION for the construction of a will.

Hamilton Ward and Irving W. Cole, for plaintiff.

Kenefick, Cooke, Mitchell & Bass, for defendant administrator.

William H. Coon and Carlos C. Alden, for Richmond Hose Co.

Edward A. Washburn, for defendants Atwater, Hickox and Clapp.

BROWN, J. On January 28, 1904, Adelaide R. Kenny made and executed her last will and testament, which was probated March 20, 1905, in and by which instrument she devised and bequeathed property of the value of upwards of $2,000,000. Thirty legacies aggregating $259,000 were given to church societies, colleges, hospitals, schools, a cemetery association, Christian associations, a board of education and a hose company. Eighteen of these legacies, aggregating $145,000, were given to be kept intact, the income from investment of the principal to be used for the purposes of the society, corporation or association, six of them, aggregating $108,000, were given to be used by the legatees for specified purposes, and six of them, aggregating $6,000, were given outright without condition or specified purpose.

The 30th clause or paragraph of the will reads as follows: "To Richmond Hose Company No. 2, of Batavia, I give and bequeath ten thousand dollars, to be kept at all times intact, and the income derived from the safe and judicious investment thereof to be devoted to the reasonable and proper uses of said company, for whatever purposes its members, acting as an organization, may see fit to direct."

Richmond Hose Company No. 2 was organized as an unincorporated volunteer fire company of the village of Batavia in 1865 named for and in honor of Dean Richmond, a prominent citizen of that village, who died in 1866. In 1883 this fire company organized as a corporation under the same name and continued as a volunteer fire company for the purpose of taking part in the prevention and extinguishment of fires in the village and generally for the purpose specified in the statutes under which it was incorporated, having its headquarters, rooms and offices in a hose house owned and provided for its use by the village. Its membership consists of forty-four men, residents of Batavia, from thirty-five to fifty-nine years of age. Thirty-five of them were members of the company on the date of the execution of said last will and testament.

The testatrix visited the headquarters and hose rooms of the company on many occasions, purchased carpets and furniture for it, inspected its premises, attended at least three of its annual concerts and balls, made annual presents of money — $300 at one time to assist in the purchase of an exhibition hose cart — and furnished flowers from her green house and grounds each year for the decoration of the company's rooms and parade cart. The hose company had an enlarged photograph of Dean Richmond upon the wall

of its quarters, and a like but smaller picture on the fly leaf of its constitution and on the top of its letter heads, all of which were seen and known of by testatrix. The hose company sent testatrix a bouquet of flowers each year and annually placed a wreath or bouquet on the tomb of her father, Dean Richmond. At the request of testatrix committees of the hose company visited her and her mother for many years, and brought to their attention the needs and condition of the company.

The legacy of $10,000 was paid to the hose company in 1906, was invested by the company and the income has been used for its purposes of either a business or social nature.

On January 1, 1915, the village of Batavia became a city under chapter 354 of the Laws of 1914; the volunteer fire department of the village went out of existence, and a paid fire department was substituted by act of the legislature. By this act Richmond Hose Company No. 2 was disbanded, and by resolution of the common council of the village it was obliged to and did retire from its fire headquarters, rooms and offices. The object of its organization no longer existed; it had no further business relative to the suppression or extinguishment of fires in Batavia. It went out of business for all purposes for which it was created, preserving solely its legal entity; it sold off all of its effects except such invested $10,000, and on May 23, 1916, presented to this court a petition praying for its dissolution and for a division of its assets, including such invested $10,000, among its members. An order to show cause, returnable July 10, 1916, was granted and published, and on the return of that order the proceedings were stayed pending the determination of plaintiff's claim to such legacy.

By the 34th clause of the will it is provided: " If for any reason the legacies contained in this will to any of the church societies, to the Young Men's Christian Association, The Woman's Hospital Association, The Trustees of Union Free School District Number Ten of the town of Batavia, The Batavia Cemetery Association, Richmond Hose Co. No. 2, or the bequest of six thousand dollars to the Holland Purchase Historical Society, or any one or more of said legacies, shall lapse or fail, or for any cause not take effect in whole or in part, I give and bequeath the amounts which shall lapse or not take effect to Reverend Addison M. Sherman and Edward W. Atwater, of Batavia, New York, or to the survivor in case one of them should die before me. In the use of the same I am satisfied that they would follow what they believe to be my wishes as derived from this will. I impose upon them, however, no conditions, leaving the same to them absolutely and without condition or restriction."

The plaintiff contends that the Richmond Hose Company No. 2 having disbanded, the purposes of its organization as a fire fighting part of the municipality under the statute have ceased; that it no longer can carry on the purposes or execute the functions of its creation; that the income from the $10,000 can no longer be used as directed in the 30th clause of the will; that the legacy to the hose company has lapsed, failed and not taken effect in whole or in part, and that under the 34th clause of the will the $10,000 in the possession of the hose company was bequeathed to the plaintiff. The plaintiff contends that the legacy to the hose company did take effect in 1906 on the death of the testatrix, that it did not lapse or fail prior to her death, that it was in full effect for ten

years during the legal life of the hose company, but that when the fire fighting purposes of the hose company ceased the legacy ceased to have effect; that it then failed and became a lapsed legacy within the terms of the will. Such contention is based upon the claim that the will does not speak of lapse, fail and not take effect as of the date of the death of the testatrix, but as of the date when the legislature took from the hose company the power to use the fund for fire fighting purposes. An examination of the will quite satisfactorily leads to the conclusion that in some instances there could be no lapse, failing or not taking effect of legacies after the death of the testatrix. There are six legacies given to six church societies that are absolute, without condition, and without advice or the expression of even a wish as to how the moneys should be used. The 34th clause provides that if any of these six legacies to church societies shall lapse or fail, or for any cause shall not take effect, the amount which shall lapse or not take effect is bequeathed to the plaintiff, etc. It is a legal certainty that none of these six legacies could lapse, fail or not take effect after the probate of the will. There could be a lapse, failure or not taking effect of any of these legacies only by reason of some condition existing at the death of the testatrix. The lapsing, failing or not taking effect of any one of these six legacies is legally certain to be dependent upon conditions existing at the death of the testatrix, and not upon something happening thereafter. It seems to be conceded by every party to this action that the legacy to the hose company did not lapse, fail or not take effect on the death of the testatrix; they all concede that the legacy vested, did wholly take effect at that time, and that for ten years it has not been a

lapsed or failed legacy or a legacy that has not taken effect. The plaintiff asserts that as a result of the want of legal power on the part of the hose company to continue the purposes of its organization the legacy ceased to continue to take effect, and that hence the gift over to the plaintiff becomes operative and the hose company loses the legacy. The difficulty with that argument is that the will does not provide that when the legacy *ceases* to be used for hose company purposes it shall go to the plaintiff; the will does not say that when the legacy shall cease to be used for hose company purposes it then shall be a legacy that has lapsed, failed or not taken effect in whole or in part. We are concerned with the ordinary understanding of the use of the words, lapse, fail or not take effect. Ordinarily it is understood that a lapsed legacy is one which has never vested or taken effect. It has been defined as one which, originally valid, afterwards fails because the capacity or willingness of the donee to take has ceased to exist before he obtained a vested interest in the gift. *Booth* v. *Baptist Church,* 126 N. Y. 242. The American and English Encyclopedia of Law (Vol. 18, pp. 747-750), defines a lapsed legacy as " one which, though good and capable of taking effect at the time when the will was made, and never revoked by the testator, fails to take effect by reason of something which has occurred between the time of the making of the will and the time when the gift under the will would otherwise vest, as that the donee has ceased to exist, or to occupy the situation upon which the testator's bounty was predicated; or because of the nonperformance of some condition or the nonhappening of a contingency. * * * A legacy or devise to a corporation or association will lapse where the beneficiary has ceased

to exist before the death of the testator. As a general rule there can be no lapse after the legacy or devise has once vested.''

By the very terms of the alleged bequest to the plaintiff in the 34th clause of the will it would seem that the testatrix intended the bequest, and the conditions as to lapsing, failing and not taking effect, to speak as of the time of her death, and not as of the time when the hose company might be dissolved as a corporation. The words of the bequest are '' I give and bequeath the amounts which shall lapse or not take effect to Reverend Addison M. Sherman and Edward W. Atwater of Batavia, New York, or to the survivor of them in case one of them should die before me.'' The fact that she intended the survivor at her death of the two named beneficiaries to take seems conclusive that she intended that survivor to take at her death any of the named legacies that had at that time lapsed, failed or that had not taken effect. If she intended that a legacy that should lapse, fail or not take effect after her death was to be bequeathed to one of the two named beneficiaries who should be such survivor at the time of a subsequent failure or not taking effect she certainly has not expressed any such intention. The last two sentences of this 34th clause are pregnant with the idea that the testatrix intended the hose company to have the benefit of this fund even though the legacy should lapse, fail or not take effect, and that she trusted the plaintiff with the moral obligation of carrying out that intention. After bequeathing any lapsed legacy to plaintiff, the clause continues: '' In the use of the same I am satisfied that they would follow what they believe to be my wishes as derived from this will. I impose upon them, however, no conditions, leaving

the same to them absolutely and without condition or restriction.'' Possession of this fund with this admonition would render a just conscience very. uneasy until the fund had been turned over to the hose company. Such request or expression of satisfaction is of great aid in solving the problem as to when the legacies were deemed to lapse, fail or not take effect. It is convincing that she spoke of a legacy that lapsed, failed or did not take effect at her death. It is unreasonable to suggest that she expressed satisfaction over the idea of the plaintiff's getting the legacy in question ten years after it vested, and then using it for what plaintiff believed to be the wish of the testatrix as derived from the will, that is, use it for the benefit of the hose company. Such admonition is pointless when considered in connection with plaintiff's obtaining possession of the fund after the dissolution of the hose company. It is clear, rational, intelligent, and expresses the desire of the testatrix that the hose company should have the benefit of the legacy notwithstanding. some impediment might prevent the legacy's taking effect or vesting.

To give the effect to this clause claimed by plaintiff, the words '' or for any cause not take effect in whole or in part '' must be held applicable to the proposition that ten years after the legacy vested and wholly took effect a dissolution of the hose company was intended to constitute a partial failure of the legacy to take effect, and hence that the legacy was intended to be bequeathed to the one of the named beneficiaries who might be the survivor of the other beneficiary at her death. Such contention can not be successfully upheld from a fair reading of the will, to which resort must be had to ascertain the intention of the testatrix. There may be many conjectures and

doubts concerning her intention as to what would become of this legacy upon the dissolution of the hose company, but it seems certain that she did not intend that such dissolution, ten years after her death, would transfer the legacy to the plaintiff; if she did have any such intention she did not express it in the 34th clause of her will.

It is urged that by the very terms of the 30th clause of the will the bequest to the hose company constitutes a legacy upon a condition subsequent; that the failure to conform to the condition subsequent created a forfeiture of the legacy, and that by the 34th clause the forfeited legacy is given over to the plaintiff. It is said that the words " I give and bequeath $10,000 to be kept at all times intact, and the income * * * thereof to be devoted to the * * * uses of said company * * *. If * * * for any cause (this legacy shall) not take effect in whole or in part I give " the same to the plaintiff, is equivalent to saying: I give $10,000 upon condition that it be kept invested and the income devoted to the uses of the company, and in the event that the company be dissolved I give said sum to the plaintiff. Upon such reconstructed will the plaintiff's cause of action depends. Does the will express any such intention? Can the court thus read these two clauses? If it were clear that such was the intention of the testatrix it would be very helpful in construing these clauses. It may be that the gift of $10,000 to be kept at all times intact and the income to be devoted to the corporate uses of the company does constitute a gift upon a condition subsequent. The difficulty with the plaintiff's contention is that the gift over to the plaintiff has not been provided for in the 34th clause of the will. The will does not say that in the event that

the company shall be dissolved the legacy is bequeathed to the plaintiff; it is only in the event that the legacy shall lapse, fail or not take effect in whole or in part that the plaintiff takes. As has already been seen, such gift over applies only to legacies affected at the time of testatrix's death.

Upon the assumption that the dissolution and consequent inability to use the income for the uses of a hose company constitute a breach of a condition subsequent, it is not seen how the legacy can be lost to the hose company, nor how the plaintiff can acquire it under the will.

A condition subsequent annexed to a legacy of personal property will not operate, upon breach, to divest the title of a legatee unless there is an express gift over on breach of the condition. *Hogan* v. *Curtin,* 88 N. Y. 171; *Matter of Arrowsmith,* 162 App. Div. 628; *Robinson* v. *Martin,* 200 N. Y. 159. It was held in *Hogan* v. *Curtin, supra,* that a general gift of the residue of the estate was not a gift over.

If there was a breach of such condition subsequent by the dissolution and consequent inability of the hose company to continue the use of the income from the legacy for the corporate purposes of the association, such breach was caused solely by the statute creating the city of Batavia and abolishing the purposes for which the hose company was organized. It is elementary that if a condition subsequent be possible of performance at the time it is imposed, and it afterward, either by act of God or by law, becomes impossible of performance, the estate of the grantee, being once vested, is not thereby divested. 4 Kent, 134.

If the 30th clause of the will is treated as a bequest of the income from $10,000, rather than a bequest of $10,000, the title of the hose company to the corpus

of the fund is not affected. It has often been held that where a gift of the income of a named fund is made, with no conflicting disposition of the principal ·fund, the beneficiary of the income takes title to the fund itself. *Hatch* v. *Bassett,* 52 N. Y. 359; *Durfee* v. *Pomeroy,* 154 id. 595; *Locke* v. *Farmers' L. & T. Co.,* 140 id. 146; *Matter of Ingersoll,* 95 App. Div. 212; *Paterson* v. *Ellis,* 11 Wend. 260.

It is contended, however, that from the reading of the 30th clause of the will it is apparent that the testatrix never intended that this legacy should be divided among the members of the hose company; and that, the law being that the intention of the testatrix must govern, it is the duty of the court where it appears that she did not intend such a disposition of the fund to prevent a disposition contrary to such intention. The statement that the testatrix never intended that the legacy should be distributed among the members as an asset of the hose company at once suggests the inquiry, What was the intention of the testatrix as to the disposition of the fund upon a dissolution of the hose company ten years after the vesting of the legacy? From the fact that she made no express provision for the disposition of the fund in the event of the dissolution of the hose company, the answer must be that her intention under such circumstances is unknown. If her intention in such event is unknown, how can it be said that she did not intend it to be treated as any other asset of the dissolved corporation? The inference seems warranted that the testatrix had no intention or wish on the subject, at least none of sufficient importance to call for an expression revealing the same. It is very evident that the testatrix intended that the fund should be kept intact and the income therefrom devoted to the uses

Supreme Court, August, 1917.    [Vol. 101.

of the hose company as long as there should be a hose company, and this is about all that can be said as to her intention as revealed by the will. When the time has arrived, after the lapse of ten years, that the hose company goes out of existence by the operation of a destructive statute, an event apparently unforeseen and unthought of by the testatrix, the fund is in the hands of the hose company's managers, claimed by them to be an asset of the company, with apparently no valid claim made thereto by any party to this action, certainly not by the plaintiff, who must base his claim upon a bequest that lapsed, failed or did not take effect at the death of the testatrix. There is as much justification for saying that the testatrix intended that upon the dissolution of the hose company the fund should be disposed of in accordance with the law governing the disposition of a membership corporation's assets as there is for saying that the testatrix did not intend the fund to be distributed among the members of the hose company upon its dissolution ten years after the legacy had vested and taken effect. It does no violence to the intelligence of the testatrix or to the bountiful scheme portrayed by the will to conclude that she intended the legacy to be used as stated during the lifetime of the hose company and that beyond such time she had no intention, but was satisfied with whatever disposition the law might provide.

The legacy having vested, not having lapsed, not having failed, having wholly taken effect, the further devoting of the income to the uses of the company having been rendered impossible by operation of law, there being no provision of the will divesting the hose company of the title to the legacy, there being no bequest to the plaintiff of the legacy, the conclusion is

reached that the hose company has perfect title to the same, as against the plaintiff, and that the plaintiff's complaint and the counterclaim of the defendants Atwater must be dismissed, with costs to the defendant hose company.

Judgment accordingly.