In the Matter of the Judicial Settlement of the Account of ARTHUR S. REYNOLDS, as Executor, etc., of ETTA FREDENBURGH BURCHAM, as Executrix, etc., of DAVID FREDENBURGH, Deceased, Respondent.

HARRY PECKHAM, an Infant, by His Special Guardian, LEONARD A. GOVERN, Appellant.

Third Department, November 16, 1921.

**Wills — construction — when absolute gift to wife is limited to life estate by subsequent provisions in will.**

A life estate only passes to a wife under a will which purports to give to her all the real and personal property of the testator but which provides that if the wife dies either before or after any of the children become of age then the property shall be sold and divided among the children on a basis stated in the will.

The provisions of the will following the gift to the wife are so inconsistent with an absolute gift that they qualify the gift to her, with the effect that she had only a life use in the property.

APPEAL by Harry Peckham, an infant, by his special guardian, Leonard A. Govern, from a decree of the Surrogate's Court of the county of Delaware, entered in the office of the clerk of said court on the 5th day of February, 1921, judicially settling the accounts of Arthur S. Reynolds, as executor of Etta Fredenburgh Burcham, as executrix of David Fredenburgh, deceased.

After providing for the payment of his just debts and funeral expenses the testator devised to his wife in the first of three items marked " Second," " all of my real estate and personal property of every kind and description of which I shall die possessed provided First — That she provide a suitable home for my children clothe and feed them care for them in sickness and in health and give them an education."

*Leonard A. Govern,* special guardian, in person, for the appellant.

*Ives & Craft* [*Robert B. Craft,* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The surrogate has determined that under the will of the testator his widow had a vested title to the real and personal property, subject only to the conditions mentioned in first two items marked " second." (See *Matter of Fredenburg,* 114 Misc. Rep. 299.) Concededly, the first of the three items marked " Second " gives to her, if standing alone, such title. The third of the items marked " Second " provides, if the wife dies before any of the children arrive at the age of twenty-one, that all of his property be sold and the proceeds divided into four equal shares which he gives to his children, Harry, Carrie, Charles and George, share and share alike. The third item provides that in the event of the wife's death after either of his children have arrived at the age of twenty-one years, and they have received the sums thereinbefore mentioned, " my estate shall be sold and the proceeds of such sale shall be divided into four equal shares and given to my children Harry, Carrie, Charles and George, share and share alike,

except that the sums already paid to them when they arrived at the age of twenty-one years shall be deducted from their share." The sums to be deducted, if paid, were $500 to each of the children Carrie, Harry and George and $700 to Charles when they respectively arrived at age. No payments have been made to any of them except $400 has been paid to George.

The provisions of the will following the gift to the wife are so inconsistent with an absolute gift that they qualify the gift to her, with the effect that she had only a life use in the property and a lien upon the share of George for the amount paid him.

The decree is, therefore, erroneous in determining that the widow was vested with the title to the real and personal property; the rights of the parties should be determined by the surrogate according to this opinion.

The decree is, therefore, reversed and the matter remitted to the surrogate for his further consideration.

COCHRANE, H. T. KELLOGG, KILEY and VAN KIRK, JJ., concur.

Decree reversed and matter remitted to the surrogate for further consideration, with costs to the appellant to abide event.