In the Matter of the Final Judicial Settlement of the Accounts of CHARLES W. NORTHROP, as Executor, etc., and for the Judicial Construction of the Last Will and Testament of SMITH J. SACKETT, Deceased.

DORA OWENS and Others, Appellants; EMMA L. WHEELER, as Administratrix c. t. a., and Others, Respondents.

Second Department, April 28, 1922.

Wills — construction — absolute gift to sister followed by provision that executor hold share in trust for her maintenance — trust not for definite time and no disposition of remainder — death of sister before testator — share of sister goes to her next of kin — gift of income, without limitation as to time and no disposition over, carried corpus — under Decedent Estate Law, § 29, legacy did not lapse.

The next of kin of a legatee, a sister of the testator who died before the testator, are entitled to take the share bequeathed to the sister under a provision in the will which provides as follows:

" *Third.* The balance of my residue to be divided equally between my sister Emily Knickerbocker and Alice Robinson my niece.

" My sisters share Emily Knickerbocker to be held in trust by my executor, he to use the interest and if necessary the principal for her maintenance."

The 1st paragraph of the quoted provision is an absolute gift of one-half of the estate to the sister, and while it is modified by the sentence following, which carved out an estate for life and gave it to the executor in trust to use the income and, if necessary, the principal for her maintenance, this did not destroy the preceding gift and when the death of the sister in the lifetime of the testator nullified the life estate, the gift of the principal remained and passed to her next of kin under the statute.

But even though it be said that a gift of income only was attempted, such a gift when made for no specified period of time, as in the instant case, and with no conflicting disposition of the fund, would carry the corpus as well as the income to the legatee.

Under section 29 of the Decedent Estate Law, the death of the sister, leaving descendants surviving, did not cause the legacy to her to lapse, but the legacy vested in the surviving descendants of the legatee as though such legatee had survived the testator and had died intestate.

APPEAL by Dora Owens and others from a decree of the Surrogate's Court of the county of Dutchess, entered in the office of said Surrogate's Court on the 28th day of June, 1921, construing the 3d clause of the last will and testament of Smith J. Sackett, deceased, said will having been admitted to probate in Dutchess county on September 29, 1919.

*Daniel V. McNamee*, for the appellants.

*John E. Mack*, for the respondent Alice Robinson.

*Edward A. Conger*, for the respondent Clara K. Haight.

MANNING, J.:

The will reads as follows:

## " LAST WILL AND TESTAMENT.

" I, Smith J. Sackett of the Town of Pine Plains in the County of Dutchess and State of New York, being of sound mind and memory, do make, publish and declare this is my last Will and Testament in manner following that is to say:

" *First.* I direct that all my just debts and funeral expenses be paid.

" *Second.* I will and bequeath to my nephew Homer Thompson five thousand dollars ($5,000) to pay a mortgage on a farm which I deed to him; if said mortgage should be paid this I revoke.

" *Third.* The balance of my residue to be divided equally between my sister Emily Knickerbocker and Alice Robinson my niece.

" My sisters share Emily Knickerbocker to be held in trust by my executor, he to use the interest and if necessary the principal for her maintenance.

" *Lastly.* I hereby appoint Charles W. Northrop of Bangall, N. Y. (without bonds) executor of this my last Will and Testament: hereby revoking all former Wills by me made.

" *In witness whereof,* I have hereunto subscribed my name the fifteenth day of January, in the year One thousand nine hundred and nineteen.                     SMITH J. SACKETT."

The testator died June 13, 1919, leaving no father, mother, widow, child, descendant, brother or sister, but did leave nephews and nieces, and descendants of nephews and nieces, and next of kin. He did have three sisters and one brother, namely, Delia Thompson, Elizabeth Robinson, Emily Knickerbocker, and Hiram Sackett, all of whom had died, however, before testator's death. The descendants of these sisters and brother constitute the heirs and next of kin.

The controversy presented here arises out of the meaning to be attached to the 3d paragraph of the will, which is concededly in favor of Emily Knickerbocker, the testator's sister, who predeceased him about one month.

The appellants in this case are the descendants of the sister Emily, and their contention is that the provision in the 3d paragraph of the will in question is, in legal effect, an absolute gift to the sister Emily of the share of the property therein mentioned; that it is not a devise in trust; that it did not lapse upon her death before that of the testator, and that under the statute (Decedent Estate Law, § 29, as amd. by Laws of 1912, chap. 384), as well as under the authorities, the share passed to her descendants.

The respondents, who are the heirs and next of kin of the testator, and not the descendants of Emily Knickerbocker, contend that a trust was created in and by the provisions of paragraph 3 of the will, and that because of the death of the beneficiary before that of the testator the trust failed, and thereupon the trust fund became unbequeathed assets which passed to all of the descendants of the testator, and not to the descendants of the sister, Emily Knickerbocker.

The descendants of Emily Knickerbocker are two nephews and four nieces, and the children of three deceased nieces, and the children of a deceased grandniece — all of these relationships being to the testator.

In the decree appealed from the surrogate so decided and sustained the latter contention, holding that it was the intent of the testator to give one-half of his residuary estate, in trust, for the use of his sister Emily for her life only, with power in the trustee to use the principal, if necessary, for the same purpose, " without making any disposition of the remainder of said one-half of said residuary estate after the termination of said life estate." He further held that the provision for the benefit of Emily Knickerbocker lapsed upon her death, and that thereupon the share so devised passed to all the heirs and next of kin of the testator, Mr. Sackett, *per stirpes.*

The 3d clause of the testator's will, so construed, it will be recalled, reads as follows:

" *Third.* The balance of my residue to be divided equally between my sister Emily Knickerbocker and Alice Robinson my niece.

" My sisters share Emily Knickerbocker to be held in trust by my executor, he to use the interest and if necessary the principal for her maintenance."

I think the construction placed upon this clause by the learned surrogate was not the true construction intended by the testator when he made his will, nor is such construction justified by the trend of authorities. The appellants here contend, and I think it will be clearly observed from a reading of the clause in question, that it was not only residuary in form, but was the only expression contained in the will which purports to dispose of the balance of the estate after the specific bequest had been made. The testator gives: " The balance of my residue to  *  *  *  my sister Emily Knickerbocker and Alice Robinson my niece." It will be seen, therefore, that the 1st paragraph of the 3d clause is an absolute gift of one-half of the estate to the sister Emily, and that there is no limitation of the time during which the sister shall enjoy

this gift, and neither is there any gift over of any remainder after the death of the sister, or at any other time. While the gift was absolute, it was modified by the sentence following, which carved out an estate for the life of Emily and gave it to the executor in trust to use the income and, if necessary, the principal for her maintenance. This did not destroy the preceding gift; and when the death of Emily in the lifetime of the testator nullified the life estate, the gift of the principal remained and passed to her next of kin under the statute. (See *Felter* v. *Ackerson*, 35 App. Div. 282.) But, even though it were to be said that a gift of income only was attempted by the 3d clause of the will, such a gift when made for no specified period of time, and with no conflicting disposition of the fund, would carry the corpus as well as the income.

In the case of *Hatch* v. *Bassett* (52 N. Y. 359, 362) the court held that " A general gift of the income, arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself." And in *Matter of Smith* (131 N. Y. 239, 246) the court says: " The rule that the gift of the income of property is a gift of the property itself, only applies when there is no limitation of time attached to the gift." And the court then adds: " A gift of income followed by a gift over of the *corpus* on the happening of a contingency, or on the death of the beneficiary, * * * is a gift of the income for the intermediate period only." (See, also, *Sherman* v. *Richmond Hose Co.*, *No. 2*, 101 Misc. Rep. 62.)

Our own Appellate Division had the question before it in *Matter of Ingersoll* (95 App. Div. 211, 212), where JENKS, J., writing for the court, uses the following language: " The testator directs that one-half of the rest, residue and remainder of his estate be held in trust, be invested, and that the income and so much of the principal as shall be deemed necessary be applied to the education, maintenance and support of his grandnieces and grandnephews. There is no other disposition of such moiety. I think that there is a gift of the principal of that one-half to the said beneficiaries. (*Earl* v. *Grim*, 1 Johns. Ch. 494; *Paterson* v. *Ellis*, 11 Wend. 260, 298; *Smith* v. *Post*, 2 Edw. Ch. 523, 526; *Hatch* v. *Bassett*, 52 N. Y. 359, 362; *Bishop* v. *McClelland*, 44 N. J. Eq. 450; *Matter of Smith*, 131 N. Y. 239.) In *Bishop* v. *McClelland* (*supra*) the vice-chancellor says: ' There can be no doubt that a gift of the interest, income or produce of a fund, without limitation as to continuance, or without limit as to time, will, according to a settled rule of construction, be held to pass the fund itself, and this will be the effect given to a gift made in this form, whether the

gift be made directly to the legatee or through the intervention of a trustee.' "

I quote the following extract from the opinion of Surrogate Slater, of Westchester county, in *Matter of Allen* (111 Misc. Rep. 93, 125): " A gift of income tends to vest in the beneficiary the capital of which the income is given. *Cammann* v. *Bailey,* 210 N. Y. 19. ' It is a well-settled rule both in this jurisdiction and in England that a gift of income of property without limitation with respect to the time of enjoyment, with no other disposition of the corpus, is intended as a gift of the corpus.' *Matter of Goldmark,* 186 App. Div. 447, citing *Hatch* v. *Bassett,* 52 N. Y. 362; *Locke* v. *Farmers' Loan & Trust Co.,* 140 id. 146; *Tabernacle Church* v. *Fifth Ave. Church,* 60 App. Div. 327; *Matter of Dibble,* 76 Misc. Rep. 413."

The appellants further point out that the descendants of the sister Emily take the share which was given to her in the will of Smith J. Sackett, and in support of such contention cite the Decedent Estate Law (§ 29, as amd. by Laws of 1912, chap. 384), which reads as follows: " Whenever any estate  *  *  * shall be devised or bequeathed to a  *  *  * sister of the testator, and such legatee  *  *  * shall die during the lifetime of the testator, leaving a  *  *  * descendant who shall survive such testator, such  *  *  * legacy shall not lapse, but the property so  *  *  * bequeathed shall vest in the surviving  *  *  * descendant of the legatee  *  *  *, as if such legatee  *  *  * had survived the testator and had died intestate."

Under the law enunciated by the decisions referred to herein, and pursuant to the statute just mentioned, it would appear that the construction placed upon the 3d paragraph of the testator's will by the learned surrogate was erroneous, and that it will have to be modified.

I, therefore, advise that the decree of the Surrogate's Court of Dutchess county be modified in so far as it adjudges, in substance, that it was the intent of said testator in and by the 3d paragraph of his said last will and testament to give, devise and bequeath to his executor therein named, in trust, the other equal undivided one-half part or share of his residuary estate for the use and benefit of Emily Knickerbocker during her lifetime, with the right to the said executor and trustee thereof to use the income, and if necessary the principal, thereof, for the support and maintenance of the said Emily Knickerbocker during the term of her natural life, by providing that it was the true meaning, purpose and intent of the said testator in and by the 3d paragraph of his said last will and testament, to give, devise and bequeath the said

one-half share of his residuary estate to the said Emily Knicker-bocker absolutely, and that the gift to her was absolute and carried with it the corpus of the said trust and the remainder of said estate, and that upon her death such share passed to her next of kin; and as so modified, the decree should be affirmed, with costs to all parties filing briefs payable out of the estate.

BLACKMAR, P. J., RICH, JAYCOX and KELBY, JJ., concur.

Decree of the Surrogate's Court of Dutchess county modified in accordance with opinion by MANNING, J., and as so modified affirmed, with costs to all parties filing briefs payable out of the estate.    Settle order before Mr. Justice MANNING.