In the Matter of the Estate of CHARLES W. SMITH, Deceased.

Surrogate's Court, New York County, February 19, 1926.

**Wills — construction — will devised property to four children — later clause provided that share of one child should be held in trust for him during life — said trust was valid — remainder of said son's share passed to him — executors have power of sale.**

The will of the testator which left his property in trust for the benefit of his widow and provided that after her death the remainder of the estate should be divided between surviving children, but that the share of one son should be held in trust for his benefit during his life, created a valid trust in favor of said son.

The provision for the establishment of the trust for the benefit of the son did not affect the prior clause in the will which divided the property between the four children of the testator, and, therefore, since no provision was made for the remainder of said son's share, he took the remainder absolutely upon the death of his mother, subject only to the trust created for his benefit.

While the will does not expressly give to the executors a power of sale still, under the circumstances of the estate, the possession of such power will be implied.

PROCEEDING for an accounting involving the construction of a will.

*Thompson, Koss & Warren* [*George Flint Warren, Jr.*, of counsel], for the petitioners.

FOLEY, S.  In this accounting proceeding the trustee requests a construction of testator's will.  After giving the residuary estate to his executors in trust for the benefit of his widow during her life, the will disposes of the remainder thereof in the following language: " At the death of my wife I direct my executors or the survivor of them to divide all the remainder of my estate real and personal between my surviving children or their legal representatives  *  *  *.  In the case of my son Herbert J. Smith I direct that in the final division of my estate his share shall be securely invested and that he shall be allowed only the income of it for his support during his lifetime  *  *  *."

There is no further disposition of Herbert's share of the remainder contained in any other provision of the will.  The widow, who survived the testator and enjoyed the income from the trust estate during her lifetime, recently died and all of the four children of their marriage survive her.

The questions raised are (1) whether or not a valid trust in one-fourth of the residuary estate was created by the above-quoted language for the benefit of Herbert J. Smith; (2) if so, who is the trustee; (3) who is entitled to the remainder interest on the termination of said trust; and (4) has the surviving trustee now

accounting the power to sell the real property included in the trust estate?

By the language of the first sentence above quoted, the testator clearly intended to give an equal share of the residue to each of his surviving children, including the son Herbert. But by the next quoted sentence, he expressly limited and cut down the primary absolute gift to Herbert by carving out a life estate in trust for his benefit. (*Mee* v. *Gordon*, 187 N. Y. 400; *Close* v. *Farmers' Loan & Trust Co.*, 195 id. 92.)   The remainder, however, after the death of Herbert was wholly unaffected by the trust condition attached to his share. (*Felter* v. *Ackerson*, 35 App. Div. 282.)   Such remainder vested, therefore, in Herbert immediately on his mother's death, and is alienable, devisable and descendible as he may choose.

No power of sale is expressly conferred upon the executors and trustees, but from the facts and circumstances of the estate, and the division directed to be made, the possession of such power will be implied. (*Mee* v. *Gordon, supra,* 407; *Cahill* v. *Russell,* 140 N. Y. 402.)

I hold, therefore, that (1) a valid trust in one-fourth of the residue was created by testator's will for the benefit of Herbert J. Smith and for his life; (2) that share should now be paid to the surviving trustee to be " securely invested " and held by him in accordance with the terms of the will; (3) the remainder interest in that share is vested in Herbert J. Smith; and (4) for the purpose of dividing the remainder of the trust estate the surviving trustee has a power of sale over the real property included in the trust estate.

Decree signed in accordance with this decision.