In the Matter of the Estate of FREDERIC E. UNDERHILL, Deceased.

Surrogate's Court, New York County, March 15, 1926.

**Wills — construction — trust of one-half of principal for benefit of wife and one-half for benefit of daughter until she became thirty-five years of age, at which time principal was to be paid to her — provision that on death of wife, one-half of income from trust set up for her should go to sister of testator and other half to daughter — wife predeceased testator — sister gets one-half of principal of fund set up for benefit of wife — child gets income from remaining three-fourths and principal on reaching thirty-five years of age.**

The testator devised a certain portion of his estate to be divided so that his wife would have the benefit of one-half thereof and his daughter the benefit of the other half. The will provided also that on the death of the wife in case only

7

Surrogate's Court, New York County, March, 1926.        [Vol. 128

one child should survive testator's wife, one-half of the income from the share of the estate set up for his wife's benefit should be paid to the sister of the testator and the other half to the surviving child. The testator's wife predeceased him and only one child survived. The surviving child is entitled to the income from the one-half of the estate set up for her benefit and to one-half of the income from the estate set up for the benefit of the testator's wife, and is entitled under the terms of the will upon reaching the age of thirty-five to the principal of the one-half set up for her benefit and to one-half of the principal of the trust established for her mother.

The survival of the wife of the testator was not a condition precedent to the setting apart of one of these shares for her benefit, for the rule is that the death of the life tenant before the testator does not prevent the vesting of the ulterior gifts.

The sister of the testator is entitled to the remainder of the one-half of the estate set up for the benefit of the testator's wife, since no provision was made in the will for the disposition of that remainder, and since there is no time specified during which the income was to be paid to the sister, for under such circumstances the gift of the income carries with it the gift of the principal and, therefore, the sister is entitled to receive absolutely, as the remainderman, one-half of the principal set up for the benefit of the wife.

PROCEEDING for an accounting involving the construction of a will.

*Smith & Bowman*, for the petitioners.

*George E. Cogswell*, for the respondent Florence G. Underhill.

*Reeves & Todd* [*Alfred G. Reeves* of counsel], for Helen U. Wick.

FOLEY, S. In this accounting proceeding, the court is asked to construe the testator's will which, so far as material, reads as follows:

" *Second.* All the rest, residue and remainder of my estate both real and personal and wheresoever the same may be situated, I give, devise and bequeath to my wife Hildegard L. Underhill, my sister Florence G. Underhill and my friend Harold H. Bowman, in trust, nevertheless, to divide the same equally into as many shares as shall equal in number my wife and such children as I shall leave me surviving, and the said shares to invest and keep invested and the principal and net income therefrom to use and dispose of as follows:

" A. The net income from one of said shares to pay to my wife as long as she shall live and remain unmarried.

" B. The net income from another one of said shares to pay for the support, education and maintenance of each child I shall leave me surviving until such child shall reach the age of twenty-one years, and then to pay to such child the whole of such income until such child shall attain the age of thirty-five years, and then to pay the whole of such share to said child.

Misc. 97]        Surrogate's Court, New York County, March, 1926.

" C. Upon the death of my wife, should only one child of mine survive her, to pay to such child one-half of the net income from the share of my estate set apart for the benefit of my wife and referred to in the preceding subdivision A. and the remaining half to pay to my sister Florence G. Underhill if she shall then be living; but if she should not be living or if more than one child shall survive my wife, then to pay the entire said net income to such children in equal shares.

" D. Should my wife remarry, and should only one child of mine survive her, to pay to my wife one-fourth of the net income from my estate and the remaining three-fourths of said net income to said child; but if more than one child shall survive my wife, then to pay the entire net income to such children in equal shares.

" *Fourth.* Should any child I shall leave me surviving be under the age of thirty-five years at the time he or she shall be entitled to take under this will; I direct that so much of said net income as may seem proper to the said trustees, or to the survivor or survivors of them, be used for the support, education and maintenance of such child until he or she shall arrive at the age of twenty-one years, and then that the whole of the said net income be paid to him or her until he or she shall arrive at the age of thirty-five years, and then that the whole of the trust estate be paid or be delivered to him or to her."

His wife predeceased the testator.  One child, Helen U. Wick, and his sister, Florence G. Underhill, survive him.  The surviving daughter is not yet thirty-five years of age.

The question to be determined is, what are the respective interests in the estate of the daughter and the sister under the will?

It is contended on the daughter's behalf that she takes the entire income from the residuary estate until she becomes thirty-five, when she will be entitled to the entire principal; the argument in support of that contention is that the testator's will gave nothing to his sister unless his wife survived him.  With that contention I do not agree.

In the opening sentence of paragraph " second " the testator directed the division of the estate into as many parts " as shall equal in number my wife and such children as I shall leave me surviving."  The survival of the wife was not a condition precedent to the setting apart of one of these shares for her benefit.  The rule in this State is that the death of the life tenant before the testator does not prevent the vesting of the ulterior gifts.  (*Downing* v. *Marshall*, 23 N. Y. 366; *Wager* v. *Wager*, 96 id. 164; *U. S. Trust Co.* v. *Hogencamp*, 191 id. 281; *Matter of Fordham*, 235 id. 384; *Matter of Blumenthal*, 124 Misc. 850.)  Although the direction to

pay the wife the income of one of such shares did not become operative, the remaining provision set forth in subdivision C affecting the distribution of that share, did not fail because of her death. The conditions contemplated by the testator under that subdivision actually existed at the time of the death, only one child survived, and she became entitled to one-half of the net income of the share set apart for the benefit of the testator's wife. The remaining half of the net income of the share was directed to be paid under the will to the sister, Florence G. Underhill. Under subdivision C if more than one child had survived the testator, the entire net income would have been payable to the children only and the sister would have been excluded from any benefit under the will.

A further complication occurs in the will, because under subdivision C while there was a gift of the income to the sister, Florence G. Underhill, no bequest was made of the remainder, nor is any time specified during which the income is to be paid to her. Under such circumstances, the authorities hold that where there is no conflicting disposition of the fund, the gift of the income carries with it the gift of the principal. (*Matter of Sackett*, 201 App. Div. 58, and the cases therein cited at 61, 62.) The sister Florence is, therefore, entitled absolutely as remainderman to receive one-half of the trust created for the wife, which amounts to one-fourth of the residue, and the remaining three-fourths of the residuary estate should be held by the executors in trust for Helen U. Wick, sole surviving daughter, until she shall arrive at the age of thirty-five years, when the principal of her trust is payable to her under the terms of the will.

Submit decree on notice construing the will and settling the account accordingly.