In the Matter of the Estate of KATHERINE GOULD, Deceased.

Surrogate's Court, New York County, May 24, 1932.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the petitioner.

*Alfonse F. Spiegel*, for John L. McNab and Ella M. Clemmons.

*Moffat & Sanford*, for Charles R. Clemmons and Seldon O. Clemmons.

*Meyer Alterman*, special guardian.

O'BRIEN, S. This is an application for a construction of a will. By the fifth item of her will the testatrix made an outright gift of her residuary estate to her sister, Ella M. Clemmons. The sixth item of the will, after appointing an executor and trustee, directs " that the said residuary estate be held in trust by it, the said Guaranty Trust Company of New York, for my said sister, Ella May Clemmons, she to receive the income therefrom during her lifetime." Then follows a provision authorizing an invasion of the principal of the trust in the discretion of John L. McNab.

The questions raised are (1) whether or not the absolute gift

is cut down by the subsequent provisions and a valid trust created thereby, and (2) if so who is entitled to the remainder interest on the termination of the trust.

The rule is well settled in this State that an absolute gift in a will can only be qualified or cut down by subsequent provisions where the intention of the testator to do so is clearly understood from the language employed. (*Tillman* v. *Ogren*, 227 N. Y. 495; *Roseboom* v. *Roseboom*, 81 id. 356; *Matter of Weiss*, 124 Misc. 413.) The intention of the testatrix to create a trust for the benefit of her sister in the residuary estate, previously bequeathed to her, is the only possible interpretation of the language employed in the sixth item of the will. Although the syntax and punctuation of the draftsman of the will leave something to be desired, the intention of the testatrix to create such a trust is clearly expressed. I hold, therefore, that a valid trust in the residuary estate for the benefit of Ella M. Clemmons during her life is created by the will. (*Matter of Smith*, 128 Misc. 96; *Mee* v. *Gordon*, 187 N. Y. 400; *Matter of Giegerich*, 135 Misc. 600; *Matter of Fredenburgh*, 198 App. Div. 394.)

The remainder of this trust is vested in Ella M. Clemmons, the life beneficiary. The provisions of the will which follow the outright gift merely qualify the method of enjoyment but do not affect the remainder interest which passes under the outright bequest. (*Matter of Smith*, *supra*; *Matter of Sackett*, 201 App. Div. 58; *Felter* v. *Ackerson*, 35 id. 282.)

Submit decree on notice construing the will in accordance with the decision.