In the Matter of the Estate of MICHAEL HOULIHAN, Deceased.

Surrogate's Court, New York County, November 16, 1948.

*Vaughan & Lyons* for Mary R. Houlihan, petitioner.

*Alfred A. McGowan* for James F. Houlihan, respondent.

COLLINS, S. Decedent's will directs that a partial distribution of the principal of the residuary trust be made at the expiration of ten years following his death and that the balance of such principal be delivered to remaindermen upon his widow's death. The will names decedent's three sons, James, Cornelius and Michael and a grandson Robert, or their issue, as the persons to whom such principal payments are to be made. Five years subsequent to the date of the will decedent executed a codicil that affected certain legacies and also modified certain of the provisions of the will respecting the residuary trust. The codicil explicitly directs that upon the death of decedent's widow the trust principal be divided and paid to his sons, James and Michael and to his grandchild Robert. At the date of the codicil decedent's son Cornelius was deceased. The codicil contains no reference to the partial principal distribution directed by the will to be made at the expiration of ten years and neither does the codicil revoke such direction for a partial distribution. Insofar as the will designates the persons entitled to such initial

distribution it is wholly unaffected by the codicil. At the expiration of the ten-year period the then living sons, James and Michael and the grandson Robert were each entitled to one fourth of the distributable principal. Michael, being now dead, his share is presently payable to the representative of his estate. The son Cornelius having predeceased the testator, without issue surviving him, a one-fourth share of such principal is undisposed of by the will and passes as intestate property.

· The court holds that the bequests in subdivisions e and f of the sixth article of the will are payable respectively to the grandchildren therein named. (*Hatch* v. *Bassett,* 52 N. Y. 359; *Locke* v. *Farmers' Loan & Trust Co.,* 140 N. Y. 135, 145; *Matter of Sackett,* 201 App. Div. 58.)

The relief requested in paragraphs five to seven inclusive of the prayer of the petition herein, to which no opposition has been made, is granted.

Objections to the account of the surviving executrix and trustee having been filed this matter is placed on the calendar for a hearing on 3d day of December, 1948, at 11:00 A. M.

Proceed accordingly.