Coon, Halpern and Zeller, JJ., concur; Gibson, J., taking no part.

Order reversed, on the law, and application granted.

In the Matter of the Construction of the Will of Basil G. Butler, Deceased. Ada L. Ghezzi, as Administratrix of the Estate of Mercedes de Leon, Deceased, Appellant; James M. Ross, as Trustee under the Will of Basil G. Butler, Deceased, et al., Respondents.

First Department, May 15, 1956.

*Arnold J. Brock* for appellant.

*Samuel Ruderman* for Helen L. Butler and others, respondents.

Cox, J. The administratrix of the life beneficiary of a trust appeals from a decree of the Surrogate's Court which directed distribution of the remainder of the trust estate of Basil Gordon Butler, deceased, based upon a construction of paragraph 7 of the last will and testament of the decedent, adjudging that there was no effective disposition of the remainder of the trust and that it passed by intestacy to the distributees of the decedent.

In 1947, the surviving executor, under the last will and testament of the decedent, made application for settlement of the accounts of the executors, for a construction of decedent's will and for a determination respecting paragraph 7 of the will, which reads as follows: " 7. After payment of these legacies and my just debts, including funeral expenses, I devise, give and bequeath all of my remaining estate and personal effects of which I may die possessed to Mercedes de Leon, of Maypajo, Caloccan, Rizal, to wit; the personal effects to be delivered to her for her use and profit; the moneys, securities and other valuable property, not personal effects, to be held in trust for her benefit by my executors, at their absolute discretion, to be administered for her permanent benefit in whatever way they may consider most advantageous in the circumstances existing. Since the said Mercedes de Leon is not of sound judgment, and discretion in the handling of money, it is not my wish that she be given any sums of money other than for her current needs, except as my executors in their judgment deem advantageous to her. In case the amount available for this bequest be sufficient to purchase an adequate annuity, the executors in their discretion may so do. And I attest and direct that I do not wish or intend that the action of my executors upon their discretion in this matter be questioned by anyone whatsoever."

A decree dated July 17, 1947, was entered wherein the learned Surrogate held that paragraph 7 created a trust. The decree also gave the trustee the right to purchase a cash refund annuity for the benefit of Mercedes de Leon, the life beneficiary. The trustee purchased such an annuity and payments were made to the life beneficiary thereunder until her death on March 10, 1954. At that time there was a balance amounting to approximately $13,000. Ada L. Ghezzi, the daughter of Mercedes de Leon, was appointed the administratrix under her mother's will which was admitted to probate in the Republic of the Philippines. She and the distributees of the decedent herein claimed the balance of the fund.

In the instant proceeding the Surrogate, in construing paragraph 7 of the will, said: "the prior decision herein determining that an outright gift to the annuitant was not made but that a trust was created has established the law of the case. There being no effective disposition of the remainder of the trust in the will, it passes by intestacy to the distributees of the testator."

The prior decision referred to above (*Matter of Butler,* 73 N. Y. S. 2d 669, 670, DELEHANTY, S.) on which the July 17, 1947 decree was based, construing paragraph 7 as creating a trust, held: "the court is not asked to and does not now determine any question respecting the disposition of a balance after the legatee dies".

It is thus apparent that Surrogate DELEHANTY did not pass upon the question involved in this appeal. He merely held that a trust coming within the purview of section 15 of the Personal Property Law was created. The intent of the testator was in accord with the purpose of the statute, that is, to provide for the support and maintenance of an improvident person for life, to place the fund beyond the reach of creditors and to prevent the squandering of the principal. The fact that the trustee was given absolute discretion in administering the trust and might, if he chose, purchase an annuity, did not bring the trust without the prohibition of the statute.

Surrogate DELEHANTY did not hold, as the respondent distributees contend, that the testator did not intend to make an absolute gift to the beneficiary. Contrary, also, to the respondents' argument, there is no clear and certain statement in the will of the decedent that it was his intention to cut down or qualify the gift made to Mercedes. It would appear that the text of the will following the absolute bequest merely qualified the method of enjoyment of the gift. The property was given to Mercedes but because the decedent believed that she was "not of sound judgment and discretion in the handling of money," its management was entrusted to another with the direction that it was to be "administered for her permanent benefit in whatever way they [the executors] may consider most advantageous in the circumstances existing." The income and, if necessary, the principal, could be used for her maintenance "at their absolute discretion".

The provision that the property was to be held in trust did not destroy the preceding gift. "Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and

by expressions which must be regarded as imperative." (*Tillman* v. *Ogren*, 227 N. Y. 495, 505; also, *Matter of Gould*, 144 Misc. 670.) The language of the decedent's will that his property, other than personal effects, was to be held in trust for the benefit of Mercedes, limited the previous absolute gift as to the method of payment only. It did not, however, revoke that gift. (*Felter* v. *Ackerson*, 35 App. Div. 282; *Matter of Smith*, 128 Misc. 96.)

The paragraph in question was residuary in form, disposing of " all of my remaining estate  *  *  *  to Mercedes de Leon ", and it made no provision for any gift over of any remainder after the death of Mercedes.

In construing the testator's will, one further rule must be borne in mind — one of the most fundamental rules of construction — that a testator is presumed to have intended to dispose of his entire property and intestacy will be avoided if at all possible. (*Felter* v. *Ackerson, supra*; *Matter of McGowan*, 134 Misc. 409, 411, affd. 228 App. Div. 779, affd. 254 N. Y. 513; *Matter of Rossiter*, 134 Misc. 837, 840, affd. 229 App. Div. 730, affd. 254 N. Y. 583.) Aside from any rule of construction, the court must seek to ascertain the intention of the testator. Here it clearly appears that it was the testator's intention to make an absolute gift to Mercedes de Leon.

Therefore, the decree appealed from, insofar as it construes paragraph 7 of the will, should be reversed, and it should be determined that the remainder of the corpus passes under the will to the estate of Mercedes de Leon. Settle order.

PECK, P. J., BREITEL, BOTEIN and RABIN, JJ., concur.

Decree, insofar as it construes paragraph 7 of the will, unanimously reversed, and it is determined that the remainder of the corpus passes under the will to the estate of Mercedes de Leon. Settle order on notice.