In the Matter of the Accounting of J. ARTHUR KEESEY, as Executor of DAVID M. DRURY, Deceased, Appellant.

TRUSTEES OF THE MASONIC HALL AND ASYLUM FUND et al., Appellants; MARY RUSSELL et al., Respondents.

(Argued May 28, 1928; decided July 19, 1928.)

*Frederick N. Van Zandt* for executor, appellant. The principal of the trusts created by the 9th paragraph of the will vests within two lives in being at the death of the testator and hence there is no illegal suspension of absolute ownership. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Kahn* v. *Tierney*, 135 App. Div. 897; 201 N. Y. 516; *Matter of Hicks*, 221 App. Div. 378; *Montignani* v. *Blade*, 145 N. Y. 111; *Crook* v. *Kings County*, 97 N. Y. 438; *Wilber* v. *Wilber*, 45 App. Div. 158.) The duration of the trusts for the benefit of each grandson is nut for a

definite fixed period of three years, but the duration of each trust is measured by the lives of two persons in being at the death of the testator, namely, the daughter and a grandson. (*Kahn* v. *Tierney*, 135 App. Div. 897; 201 N. Y. 516.)

*John A. Dutton* for Trustees of Masonic Hall and Asylum Fund, appellant. If the daughter dies within three years of the death of testator, leaving one or both of the grandsons surviving, the resulting trust for each surviving grandson will terminate upon his death, if he also dies within the three years, because the purpose for which the trust is created will then cease. The trusts are thus limited by two lives and are valid. (*Sawyer* v. *Cubby*, 146 N. Y. 192; *Burke* v. *O'Brien*, 115 App. Div. 574; *Appell* v. *Appell*, 177 App. Div. 570; 221 N. Y. 602.)

*S. Howard Cohen* for Janice Russell et al., appellants. The trusts created do not violate the statute against perpetuities. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48.)

*Gustave B. Garfield* and *Maurice V. Seligson* for respondents. The entire trust referred to in paragraph " ninth " of the will is void because the power of alienation is suspended for a definite period of years from the date of the death of the testator. It embraces a single inseparable scheme of suspension for a period of three years which does not permit of the retention of any part thereof and the whole must be rejected as invalid. (*Matter of Horner*, 237 N. Y. 489; *Matter of Berry*, 154 App. Div. 509; 209 N. Y. 540; *Brown* v. *Quintard*, 177 N. Y. 82; *Davis* v. *McMahon*, 161 App. Div. 458; 214 N. Y. 614; *Central Trust Co.* v. *Egleston*, 185 N. Y. 32.)

*Per Curiam.* The dominant purpose of the testator to create a trust, divided into separate shares terminable by separate lives, is written large upon the face of the will. (*Matter of Horner*, 237 N. Y. 489.) Each beneficiary receives an interest in a share cut from the body of the estate.

The income of one-half of the estate is to be paid to the testator's daughter during her life. The income of the other half is to be paid to two grandsons " *in equal parts* share and share alike " for a period of three years after the death of the testator. At the expiration of the three years, the testator has directed the trustee to give and deliver to the two grandsons " the remaining one-half of my residuary estate *in equal parts* share and share alike to be from that time on their absolute property." If either of the grandsons should die before the testator or before the expiration of three years after the death of the testator, then the testator directs that " the income from the *equal part* or share of my remaining one-half of my said residuary estate herein directed to be paid to him be paid by my executor to my daughter." At her death the " said *equal part or share* shall be paid " to other persons designated in the will.

At the death of the testator's daughter, the one-half of the residuary estate, of which she enjoyed the income, must be paid to the two grandsons *in equal parts*, share and share alike, to be from that time on their absolute property, unless the daughter should die within three years after the death of the testator; in which event the grandsons shall only receive the income until the expiration of the said three years. Provision is made in the will for the disposition of the " part or share " directed to be paid to each grandson, if such grandson should not survive the testator's daughter; but no provision is made if either grandson should survive the testator's daughter and should die before the expiration of three years from the testator's death. It is evident that the testator intended that each grandson surviving the testator's daughter should take a vested interest in the part or share directed to be paid to him, though perhaps subject to divestment in case of his death during the period of three years after the death of the testator. That question is not now before us.

Though none of the beneficiaries enjoying the income can receive the principal of the share of the trust estate allotted to him until three years after the death of the testator, in no event can any *share* be held beyond two lives in being. Then it must be paid to others. The will is valid when effect is given to the intent of the testator plainly expressed in the language of the will. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48.)

The order of the Appellate Division and the decree of the Surrogate's Court should be modified, by providing that paragraph ninth of the testator's will is valid, and as modified affirmed, with costs to appellant.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.