Sadie Cohen, Plaintiff, *v.* Tillie Wacht and Others, as Executors, etc., of Samuel Wacht, Deceased, and Others, Defendants.

Supreme Court, New York County, July 28, 1930.

*George Trosk*, for the plaintiff.

*Eisman, Lee, Corn & Lewine* [*Louis Franklin Lee* of counsel; *Joseph J. Corn* and *Henry I. Fillman* with him on the brief], for the defendants Tillie Wacht and others.

UNTERMYER, J.  This is a motion to dismiss the complaint, the disposition of which depends upon the validity of a trust established on March 15, 1921, by Samuel Wacht, since deceased.  By that agreement personal property (*Nedlin Realty Co., Inc., v. Bachner*, 223 App. Div. 785) consisting of a subordinate interest in a bond and mortgage was placed " in trust for the benefit of Sadie Cohen," his daughter and the plaintiff here.  His wife, the defendant Tillie Wacht, was created trustee under that agreement, which, so far as material here, provides: " 7th. This trust is to continue for a period of ten years from date hereof and at the end of such period the party of the second part is authorized to turn over unto Sadie Cohen the amount of principal and interest accumulated and the said Sadie Cohen is to have the same absolute.'  8th. Should the said Sadie Cohen die before the expiration of said period and leave issue it is agreed that the trust created is to continue under the same terms and conditions for the benefit of such issue until the said issue reach the age of 21 years at which time the principal and interest collected are to be turned over unto them.  9th. Should the said Sadie Cohen die without leaving issue before the expiration of this trust agreement, it is agreed that the said principal and interest accumulated are to be divided among the brothers and sisters of the said Sadie Cohen, share and share alike."  By stipulation filed upon this motion it is conceded that Sadie Cohen had no issue at the time of the execution of the agreement, but that two children have subsequently been born.  The complaint seeks the enforcement of the trust agreement, which, it is alleged, the defendants have repudiated, and demands judgment adjudicating the rights and obligations of the parties.  The defendants rely upon the alleged invalidity of the trust, which, it is asserted, violates the rule against perpetuities applicable to personal property (Pers. Prop. Law, § 11, as amd. by Laws of 1929, chap. 229) by suspending the power of alienation beyond the prescribed statutory period

of " two lives in being at the date of the instrument." The invalid provisions for accumulation of income need not detain us for " the cases are numerous which hold that a trust otherwise lawfully constituted is not invalidated because of an unlawful direction for accumulation." (*Cochrane* v. *Schell*, 140 N. Y. 516.)

By the agreement Samuel Wacht established a trust which may be described as a trust for Sadie Cohen, the corpus of which the trustee is authorized to pay " absolute " to her at the expiration of a period of ten years. If Sadie Cohen dies within this period of ten years the agreement creates alternative contingent remainders, depending upon whether she dies with or without issue. If she shall die leaving issue the trust, under paragraph 8, " is to continue under the same terms and conditions " until such issue shall attain the age of twenty-one years. If she shall die without leaving issue the corpus of the trust, under paragraph 9, vests absolutely in her brothers and sisters. It is not expressly provided, however, what disposition shall be made of the corpus of the trust if she shall die within ten years without issue and without brothers or sisters.

There is an unlawful suspension of the power of alienation unless the estate vests in every possible contingency within the statutory period. (*Matter of Mount*, 185 N. Y. 162; *Schettler* v. *Smith*, 41 id. 328; *Haynes* v. *Sherman*, 117 id. 433; *Central Trust Co. of N. Y.* v. *Egleston*, 185 id. 23; *Matter of Hitchcock*, 222 id. 57.) It is not sufficient that it may or, even, that subsequently it does vest. (*Matter of Horner*, 237 N. Y. 489, 502.) Paragraph 8 requires that if Sadie Cohen dies, leaving issue, before the expiration of the ten-year period, the trust is to continue until such issue, though not " in being " at the time of the execution of the trust agreement, shall attain the age of twenty-one years. This attempt to create a trust measured by the lives of persons not in existence at the time of its creation is in plain violation of the rule against the suspension of the power of alienation. (*Matter of Wilcox*, 194 N. Y. 288; *Bailey* v. *Buffalo L. T. & S. D. Co.*, 213 id. 525; *Matter of Hardgrove*, 223 App. Div. 646.)

It follows that the trust attempted to be created for the benefit of the issue of Sadie Cohen fails and the question is presented whether with it fails, also, the trust created for the benefit of Sadie Cohen. It is contended that it is not possible here to preserve the trust for Sadie Cohen by means of the rule, frequently applied, whereby an invalid contingent remainder is severed from a valid antecedent estate. (*Matter of Horner, supra; Matter of Trevor*, 239 N. Y. 6; *Davis* v. *McMahon*, 161 App. Div. 458; *Matter of Chittick*, 243 N. Y. 304; *Tiers* v. *Tiers*, 98 id. 568.) Excision of the trust

for her issue does not, it is said, result in restoring validity to the trust for Sadie Cohen, because the antecedent trust is one which, in violation of the statute, must survive Sadie Cohen for a period of time which will be measured by years and not by lives, either if she dies with issue before the expiration of ten years or if, within that period, she dies without issue and without brothers or sisters. (*Brown* v. *Quintard*, 177 N. Y. 75; *Hagemeyer* v. *Saulpaugh*, 97 App. Div. 535; *McGuire* v. *McGuire*, 80 id. 63; *Matter of Hitchcock*, *supra*.) It is further contended that since the trust for the issue of Sadie Cohen is void it cannot operate, as may have been intended, to limit, upon her death with issue, the ten-year trust which is said to be created by paragraph 7.

Whether the trust for the issue of Sadie Cohen may be severed and the trust for Sadie Cohen sustained depends upon whether the trust for Sadie Cohen is valid. If, as is claimed, that trust is also invalid, no process of excision will avail. The validity of the trust for Sadie Cohen, in turn, depends upon whether it continues for the full term of ten years if Sadie Cohen dies within that period without issue and without brothers or sisters (*Brown* v. *Quintard*, *supra*; *Hagemeyer* v. *Saulpaugh*, *supra*; *McGuire* v. *McGuire*, *supra*; *Matter of Hitchcock*, *supra*); or whether the stipulated period of ten years operates as a limitation on the duration of the trust, within the life of Sadie Cohen. If it operates only as a limitation, then the trust, though subject to earlier termination, ends upon the death of Sadie Cohen and does not contravene the statute. (*Sawyer* v. *Cubby*, 146 N. Y. 192; *Provost* v. *Provost*, 70 id. 141.)

I am of the opinion that the trust for Sadie Cohen is valid and that, by severing the invalid provisions of paragraph 8, it may be sustained. That trust contains no affirmative provision that it shall survive her if she dies within ten years. True, it contains the provision that " this trust is to continue for a period of ten years," but this provision occurs in close relation to the other provision authorizing the trustee " to turn over unto Sadie Cohen " the principal and accumulated income " at the end of such period," indicating that in paragraph 7 the founder of the trust contemplated only the contingency that Sadie Cohen would be alive at the end of ten years. Paragraph 7 does not concern itself with the disposition of the corpus of the trust if Sadie Cohen dies within ten years and what is there provided concerning the duration of the trust must be taken as qualified by this consideration. The devolution of the fund if she should die within ten years was to be dealt with in the two succeeding paragraphs of the agreement. A somewhat similar condition existed in *Provost* v. *Provost* (*supra*). The

language there was equivocal and would readily have been susceptible of a construction which would invalidate the trust. That trust was created to collect the income and apply it to the use of the wife until the children, of whom there were more than two, became of age. Concerning the term of the trust it was provided that " it is my will that when the children become of age the trust shall cease." There, also, it was contended that the duration of the trust was measured not only by the life of the wife, for whose benefit the trust was created, but by the period in which the several children should attain majority, which might exceed the life of the wife. The language did not expressly limit the term of the trust to the life of the wife but upon her life in combination with the full age of the children. The court refused, however, to apply such rigid principles of construction where it was possible to sustain the trust by holding that it terminated upon the death of the wife, for whose benefit it had been established, or when the children attained majority, whichever should happen first.

There is here, as I have said, no implacable provision requiring the trust to continue for ten years if Sadie Cohen shall have died within that time and there are opposing indications of intention which, in my opinion, are too strong to be resisted. In ascertaining that intention the general scheme of disposition is more significant than forms or phrases. (*Matter of Gallien*, 247 N. Y. 195; *Matter of Drury*, 249 id. 154.) The purpose of the creator of the trust was obvious. If his daughter lived for ten years she should receive the fund, augmented by the accumulated income; if she died within that period the fund would be held for the benefit of her children. If she died childless it would be divided among his other children. If, of all these, none should live and take, the fund by operation of law would eventually revert to him. It could hardly have occurred to him that if his daughter died childless and without brothers or sisters the estate of the trustee would continue during the unexpired fragment of a ten-year term to operate as an impediment to his own possession of the fund. The agreement contains no suggestion of such a purpose, nor does it designate any other person as the beneficiary in this contingency. There is here an indication of a convincing and substantial kind, revealing the intention of the founder of the trust. Whenever he intended the trust to continue he has said for whom it should be held and when and how the fund should be distributed. It is a reasonable assumption that when its purpose was accomplished and when he named no person as the beneficiary of the trust, he intended it to cease. That purpose was a trust " for the benefit of Sadie Cohen "— not a trust for his own benefit. An intention to create a trust

which would outlive his daughter, her issue, her brothers and sisters and would then operate to interpose against his own reversionary interest in the fund, would be so extraordinary that nothing short of language inexorably clear would lead me to accept it. It is a fundamental principle of the law of trusts that a trust will end when the purpose for which it was established has been achieved and when there is no beneficiary designated for whom the principal is held. In *Crooke* v. *County of Kings* (97 N. Y. 421, 437) the court considered an analogous, though not an identical, situation and said: " But the inherent character of the trust, its own essential limitations, may very well form an element in the construction to be given to the language creating it. That character and those limitations are such that the trust cannot exceed in duration the lives of the beneficiaries, because upon their death its purpose is accomplished, and a trust supposes a beneficiary, and so its very creation implies necessarily, without express words, a termination at such period." Again in *Locke* v. *F. L. & T. Co.* (140 N. Y. 135) the court, referring to the rules of construction applicable to the duration of a trust, said: " One of these rules is that trusts end when their intended purposes are accomplished and when they are no longer necessary to effect the designed results. We are thus led to the inquiry what in truth were the actual purposes of the trust, what were its objects, and wherein lay the necessities for its existence. Obviously, the trust was needed during each life of each of the primary beneficiaries, in order to collect dividends and pay them over, and to protect and keep the principal intact until the close of each life. Beyond that there is disclosed to us no need, no object, no purpose requiring or even making convenient a prolongation of the trust. There was nobody for whom the principal was to be preserved as a future remainderman." In the absence of language imperiously requiring it, I need not attribute to the agreement here the destructive purpose to extend the term of the trust beyond the period permitted by law or suggested by its own inherent character.

I conclude, therefore, that upon the death of Sadie Cohen within ten years without issue and without brothers or sisters the trust created by paragraph 7 ends and the fund reverts to Samuel Wacht or his estate. That conclusion is also decisive of the question which arises in consequence of the invalidity of paragraph 8. Deleting that paragraph from the agreement will result in a condition where there is no trust for the issue of Sadie Cohen even if she dies with issue within ten years. To that situation the same principles previously considered will apply. Her issue would not take on account of the invalidity of paragraph 8; her brothers and sisters

would not take under paragraph 9 because Sadie Cohen had not died " without leaving issue." So far as the disposition of the corpus of the trust is concerned the conditions and the consequences are both the same as if, within the period of ten years, Sadie Cohen had died without issue who could take under paragraph 8 and without brothers or sisters who could take under paragraph 9. In either case both contingent remainders fail, the trust created by paragraph 7 terminates and the right to the fund vests absolutely in Samuel Wacht or his estate. This construction is, I believe, in harmony with the intentions of the testator. It is also in harmony with the familiar rule that language will not be so construed as to invalidate a trust if any other interpretation is legitimately possible. Courts have gone far to sustain a trust. If need be, they will struggle with unwilling words in the attainment of that purpose. They will surrender " to nothing short of obvious compulsion." (*Matter of Gallien, supra.*) I find no such compulsion here. The motion to dismiss the complaint is denied.

Order signed.