In the Matter of the Estate of HERMAN M. INNERFIELD, Deceased.

Surrogate's Court, Kings County, December 12, 1934.

*Plaut & Davis*, for Dora Davis and another.

*Thomas E. O'Donnell*, for Ida R. Innerfield.

*Cyrus S. Jullien*, special guardian for Milton Innerfield and others.

WINGATE, S. Paragraph " second " of the present will reads in part as follows: " I give, devise and bequeath to my trustees hereinafter named, and such one or more of them as shall qualify, and the survivors and survivor and successor of them, the sum of twenty-five thousand ($25,000.00) dollars, in trust nevertheless for the following uses and purposes: to hold, invest and reinvest the same and to collect the rents, income, issues and profits thereof and to pay the net income thereof from the time of my death, to my beloved wife Ida for a period of five (5) years; and at the end of that time to pay to her outright and absolutely the sum of fifteen thousand ($15,000.00) dollars from the principal of the said trust fund, and to continue to pay to her the rents, income, issues and profits of the balance for a further period of five (5) years, and at the end of such period, providing my said wife has not remarried, to pay to her the entire balance of the said trust fund, together with accumulations thereof, and thereupon the said trust shall cease and determine. In the event my wife Ida remarries, the trust hereby created shall cease and determine and the principal thereof, or so much thereof as has not been paid, shall become part of my residuary estate and be disposed of in the manner hereinafter provided."

It is urged that the trust therein declared is invalid in that thereby testator would effect a suspension of the power of alienation for an arbitrary term of years. (Pers. Prop. Law, § 11.) It is well recognized that a trust, the duration of which is measured solely by reference to a definite period of time, is invalid in that it may be of longer duration than two lives in being. ( *Underwood* v. *Curtis,* 127 N. Y. 523; *Kalish* v. *Kalish,* 166 id. 368; *Brown* v. *Quintard,* 177

id. 73; *Matter of Hitchcock*, 222 id. 57; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; affd., 201 N. Y. 559; *Matter of Berry*, 154 App. Div. 509; affd., 209 N. Y. 540; *Davis* v. *McMahon*, 161 App. Div. 458; affd., 214 N. Y. 614; *Woolley* v. *Hutchins*, 114 Misc. 11; *Matter of Fitzsimmons*, Id. 71; *Matter of Wilber*, 122 id. 472; *Matter of Kuhrasch*, 124 id. 117; *Matter of Spitz*, 129 id. 78.)

This principle, however, is without application to a situation where, although a term of years is specified, it is evident that it was the testator's intention that the trust should in no event endure for a period longer than that sanctioned by law, and where, upon judicial construction, it is found that termination within such period is inevitable. " A limitation of a trust estate for an arbitrary period of time, such as fifty years, is valid, provided a termination at an earlier period is called for by the expiration of two lives in being at the creation of the trust. If provision be made for such termination, the income of the estate may in the meantime be divided among any number of successive lives. (*Phelps' Executor* v. *Pond*, 23 N. Y. 69.) " (*Schermerhorn* v. *Cotting*, 131 id. 48, at p. 58.) (See, also, *Montignani* v. *Blade*, 145 id. 111; *Matter of Drury*, 249 id. 154; *Anthony* v. *Van Valkenburgh*, 154 App. Div. 380; *Farley* v. *Secor*, 167 id. 80; *Matter of Hicks*, 221 id. 378; *Matter of Andrews*, 133 Misc. 365; *Cohen* v. *Wacht*, 137 id. 679.) In several of these cases there is found express testamentary direction for the termination of the trust in the event of the death of the respective *cestuis que trustent* prior to the expiration of the period of years primarily stated as the measure of the trust term. These trusts, dependent upon lives in being or a shorter period, are not subject to the criticism attendent upon *Underwood* v. *Curtis* (*supra*) and cases presenting similar situations, and are consistently held to be valid. It is not essential to validity, however, that such direction for earlier termination be express; it may be implied when required to carry out the evident intent of the testator. In *Farley* v. *Secor* (*supra*) the Appellate Division in the Second Department wrote as follows (at p. 83): " The direction is to pay the income to the widow ' for a term of five years from the date of my decease.' It could not be paid to her if she were not alive. Hence, it was intended that the term should fall within her life. If she died within the time, the trust as to payment of income fell not only because the term could not extend beyond her life, but because there would be no beneficiary of the income." The Court of Appeals, in *Matter of Drury* (*supra*), inferentially approves this reasoning. A situation closely approximating the present is painstakingly analyzed by Mr. Justice UNTERMYER in *Cohen* v. *Wacht* (*supra*), wherein he upholds the validity of the trust provisions.

Nowhere in the present will has the testator expressly stated that the trust under review must in any event continue for a fixed period of time irrespective of the continued existence of the beneficiary thereof; nowhere in the instrument is there indication of such a purpose. To the contrary, the general scheme of the will as well as its particular content bear testimony of the testator's purpose that the trust should terminate in any event upon his widow's death. The trustees are directed " *to pay the net income* \* \* \* *to my beloved wife,*" and again, " *to continue to pay to her* " (no italics in original); compliance wherewith would be impossible after her death. Nor is other beneficiary designated to receive the income of the trust in the event of the widow's death prior to the expiration of the stipulated term of years — a significant omission.

In *Crooke* v. *County of Kings* (97 N. Y. 421) the Court of Appeals has emphasized the fact that a single trust may have both a natural and a stipulated term. While the facts in that case were not similar to those in the case at bar, the analogy between the situation there presented and the present one renders the logic of that decision equally applicable here. When the purpose or purposes for which a trust has been created have been accomplished, the trust is at an end. It is the decision of the court, therefore, that the provisions of the present trust which direct the trustees to pay the income thereof to the testator's widow for a period of five years, at which time a portion of the corpus is to be given to her outright, and thereafter to pay the income of the balance of the trust corpus then remaining to her for a further like period, do not violate the rule against the suspension of alienation in that it was the intention of the testator as disclosed by his will that the trust should terminate in any event upon the death of the *cestui que trust.*

*Matter of Hitchcock* (222 N. Y. 57) is distinguishable from the present case. There the will gave repeated evidences of an intent on the part of the testator that the trust should continue in any event for a term of five years from the date of the testator's decease, such intent being predicated upon a desire that none of the assets of the testator's estate be sacrificed by a hasty sale.

The court next is asked to determine the identity of the remainder-man of the trust and the nature of the remainder. The phraseology of the " thirtieth " paragraph of the will before the court in *Warner* v. *Durant* (76 N. Y. 133) gave rise to a problem similar to that presently presented. There the beneficiary died prior to the expiration of the fixed term of years. The court stated the pertinent principle as follows (at p. 136): " It is a general principle, that where the gift is absolute, and the time of payment only, postponed; time, not being of the substance of the gift, but relating only

to the payment, does not suspend the gift, but merely defers the payment.

"This principle will not act in this case to vest the legacy; for the gift was not, in the outset, to the legatee; and another rule is to be noticed. It is this: Where there is no gift but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time arrives. Here the gift was at first to executors, to hold in trust for five years; and at the expiration of that period, to pay over to the legatee. But this rule does not act in this case; for there has been a distinction grafted upon it. It is this: Where the gift is to be severed *instanter* from the general estate, for the benefit of the legatee; and in the meantime, the interest thereof is to be paid to him; that is indicative of the intent of the testator that the legatee shall, at all events have the principal, and is to wait, only for the payment, until the day fixed." To like effect see *Fulton Trust Company* v. *Phillips* (218 N. Y. 573).

In the present case, too, the gift, though made to the executors in the first instance, is severed from the bulk of the estate and made a distinct fund for the benefit of the widow. The interest is to be paid to her for the time it continues to be held in trust. The corpus vests immediately; time of payment alone is postponed. It is worthy of note that although the will contains provisions that the remainder be divested upon the widow's remarriage prior to the expiration of the stipulated term of the trust, no divestiture is directed in the event of her death prior thereto. The remainder here, however, is vested subject to divestiture upon remarriage of the widow prior to the termination of the trust.

It is argued that the divesting condition has no application to a remarriage during the first specified five-year period. With this argument the court cannot agree. The testator has expressly stated that " In the event my wife Ida remarries, the trust hereby created shall cease and determine and the principal thereof, *or so much thereof as has not been paid*, shall become part of my residuary estate." (No italics in original.) It is fundamental that in the construction of a written document all of its words shall be given effect if at all possible. (*Matter of Buechner*, 226 N. Y. 440, 443; *Fleischman* v. *Furgueson*, 223 id. 235, 239; *Adams* v. *Massey*, 184 id. 62, 69; *Roseboom* v. *Roseboom*, 81 id. 356, 359; *Van Nostrand* v. *Moore*, 52 id. 12, 20; *Sedlaczek* v. *De Dreuzy*, 220 App. Div. 446, 450; *Matter of Briggs*, 180 id. 752, 757; *Kent* v. *Fisk*, 151 id. 279, 282; *Matter of Leonard*, 143 Misc. 172, 180, 184; *Matter of McEvoy*, 139 id. 349, 352; *Matter of Sheffer*, Id. 519, 520; *Matter of Ackerman*, 137 id. 910, 912; *Matter of Kirkman*, 134 id. 527, 528; *Matter of*

*Howells*, 145 id. 557, 562.) Unless this condition of divestiture has application to the whole trust and the entire trust period, the italicized portion of the above-quoted excerpt is rendered meaningless. A construction which would nullify a portion of a will without cause cannot be adopted by the court.

The queries raised respecting the validity of the provisions of paragraph "third" of the will are presently academic. The instructions relative to the payment of the income of the trusts to the respective primary *cestui que trustent* thereof are valid. Upon their deaths, practical problems of construction may arise; if so, they then will be considered. (*Matter of Mount*, 185 N. Y. 162; *Beers* v. *Grant*, 110 App. Div. 152; affd., 185 N. Y. 533; *Matter of Franklin Trust Co.*, 190 App. Div. 575; *Matter of Suydam*, 139 Misc. 845; *Matter of Hance*, 180 N. Y. Supp. 269.)

Under the authority of section 168 of the Surrogate's Court Act, the court will appoint Ida R. Innerfield as substitute trustee herein upon her duly qualifying as such.

Proceed accordingly.