In the Matter of the Estate of FREDERICK W. McGOURKEY, Deceased.

Surrogate's Court, New York County, March 14, 1936.

*Livermore & Livermore* [*Russell B. Livermore* of counsel], for. Augustus C. Downing and Russell H. Livermore and others, as executors, etc., of Caroline Wheldon Keeling.

*C. Monteith Gilpin* and *Menken, Ferguson & Hills*, for the executors.

*Edmond N. Cahn*, for F. Donnell Courtney, objectant.

*Medina & Sherpick*, for Dorothy Randall, remainderman.

Foley, S. The principal issue in this proceeding brought for the judicial settlement of the account of the executors and for a. construction of the will arises as to the validity and interpretation of articles thirteenth and fourteenth of the will.

The thirteenth article provided for the creation of the residue' of the estate into a trust fund. The income thereof was directed to be paid to the testator's sister during her life, subject to prior charges laid upon such income to pay fixed pecuniary amounts to thirteen legatees named in article fourteenth. The testator died on January 15, 1935. On December 30, 1935, his sister, Mrs. Keeling, the primary life tenant of the residuary trust, died. Upon her death the will directed that three-fourths of the principal be distributed outright to three cousins of the testator. The

remaining one-fourth was directed to be held in further trust for the life of F. Donnell Courtney, a friend of the testator, with remainder over upon his death to the testator's cousins or their survivors or survivor.

There was accumulated by the executors during the lifetime of Mrs. Keeling the sum of approximately $7,900 concerning which the executors ask instructions as to the method of division and as to the persons entitled to participate in the distribution. The fixed amounts directed to be paid as a prior charge upon the income range from $100 in the case of one legatee, to a maximum of $3,000 in the case of the most favored legatee. They aggregate $14,100.

Upon the first question raised by the parties, I hold that the legacies are valid charges against the income of the trust fund and are not void as accumulations. There is no unlawful direction to accumulate or to impound the income as part of the principal. (*Hascall* v. *King*, 162 N. Y. 134, 142.) The provisions of the will direct the payment of income as it accrues to specified persons during the life of the sister of the testator. It was within the power of the testator to dispose of the income during the measuring life of his sister and to direct its payment currently to any legatee, beneficiary or annuitant. The number of persons to whom payment is directed to be made within the statutory period of suspension does not affect the validity of the trust. The directions contained in the will on this phase of the case were, therefore, valid. (*Dodge* v. *Pond*, 23 N. Y. 69; *Schermerhorn* v. *Cotting*, 131 id. 48; *Matter of Innerfield*, WINGATE, S., 153 Misc. 706.)

The second question involves the search for the intent of the testator as to whether the payments out of income on account of the legacies contained in article fourteenth were to continue only during the life of the sister of the testator, the primary life tenant, or were further charged upon the secondary trust of one-fourth of the residue created for the benefit of F. Donnell Courtney. The context of the will and the surrounding circumstances of the testator at the time of its execution plainly indicate that the payments to the legatees out of income were limited to income accruing during the lifetime of his sister. With her death the right to receive further payment ceased. The provisions of the second paragraph of article thirteenth of the will plainly justify this construction. In it the testator directed, after providing for the setting up of the trust, that the trustees should proceed as follows:

" To pay the entire net income therefrom to my sister, Caroline Wheldon Keeling, during her life, which I desire her to use for her sole personal benefit, except that, desiring to express my

remembrance of certain relatives and friends and not wishing to deplete the principal of my estate, I direct that, out of the income first accruing on the principal of the Trust Fund established by this Paragraph of my Will, my Trustees pay the legacies specified in Paragraph Fourteenth hereof.

" Upon the death of my said sister, I direct my Trustees to pay over and distribute the principal of the said Trust Fund, together with all accumulations thereof, as follows."

Then follow the provisions for the distribution of three-quarters of the fund outright and one-quarter in trust to the persons mentioned previously in this decision. The annexation of the direction to pay the income to the legatees to that part of the paragraph dealing with the grant of income to the sister emphasizes the purpose to limit payment of income to the legatees during her lifetime only. The extrinsic evidence indicates that the sister was of independent means and was not in need of the income which might be derived from the trust fund for her exclusive benefit. If she had lived and the legacies had been satisfied, she would have been entitled to the total income of the fund. There is some claim on the part of certain of the legatees that the testator intended that after her death the entire fund should be maintained intact and the entire income used for the completion of the payment of the unpaid amounts to the legatees. That contention finds no support in the plan of the will. Upon the death of the sister the greater part of the fund is directed to be distributed outright. No secondary measuring life was provided as to this part of the fund. In the absence of the fixation of a lawful period of suspension, the direction to hold would have been void because of the fact that there were thirteen legatees whose successive lives might possibly postpone vesting.

Neither can there be found in the will any intention that the income of the one-fourth part of the principal which was to be held in further trust for F. Donnell Courtney, should be charged with the unpaid balance of the legacies. I accordingly hold that the rights of the legatees to participate in the income ceased with the death of Mrs. Keeling, the sister of the testator. The accumulated income during her lifetime is directed to be divided *pro rata* between the legatees and the life tenant of the small trust of $6,000 created by another part of the will. Due allowance shall be made for the income actually earned and paid to the life tenant of the latter trust. The executors may reserve a sufficient amount to secure the payment of the Federal and New York State income taxes upon the income and the decree may contain an appropriate provision therefor.

The stipulation withdrawing the objections to the account, subject to certain adjustments, has been filed and is approved. The claim of the Calumet Club is dismissed.

The assignment of F. Donnell Courtney to Edmond N. Cahn is determined to be valid except as to the property delivered by the executors to the assignor prior to the notice of the execution of the assignment. The decree may direct payment absolutely to the specified remaindermen to the extent of three-quarters of the trust fund and may provide for the setting up of the secondary trust to the extent of one-fourth thereof in accordance with the terms of the will.

Submit decree on notice construing the will and settling the account and supplemental account accordingly.