In the Matter of the Estate of THOMAS BAY, SENIOR, Also Known as THOMAS BAY, Deceased.

Surrogate's Court, Queens County, May 6, 1942.

[REDACTED]

*Edward. J. Schmuck,* for Oscar Bay, as executor, etc., petitioner.

HETHERINGTON, S. The testator died on November 4, 1940, leaving no property except a parcel of real estate of the value of $8,700. The dispositive provisions of his will, which the executor seeks a construction of, are contained in a single paragraph as follows:

*"First*: After my lawful debts are paid, I give unto my beloved sons, OSCAR BAY and THOMAS BAY, Junior, share and share alike, of all my real and personal property that I may possess at the time of my decease. The share of my son, Thomas, however, is to be invested for a period of ten years, the earnings therefrom is to be paid to him annually. The whole of said share shall be paid to him at the end of this ten-year period.

" I hereby appoint my son, OSCAR BAY, to be Executor of this my last will and Testament, without bond."

The question presented is whether or not .the prior absolute gift to his son Thomas has been cut. down by the subsequent provision and a valid trust created thereby. The rule is well established in this State that an absolute gift in a will can only be qualified or cut down by a subsequent provision where the intention of the testator to do so is clearly understood from the language employed. (*Tillman* v. *Ogren,* 227 N. Y. 495, 505.) The provisions of the will when considered together clearly indicate that the testator intended to make a distinction ·in the nature of the gifts made to his sons. While the gift to Oscar is absolute and unrestricted testator has, for some reason unexpressed in the will, clearly indicated that possession and full enjoyment of the share given Thomas should be deferred. The intent to create a trust for Thomas is apparent and should be carried out unless there is some legal bar which prevents the court from doing so.

It is urged that the testator has attempted to create a trust for a definite period of years. A trust, the duration of which is measured solely by reference to a definite period of time, is invalid

in that it may be of longer duration than two lives in being. (*Kalish* v. *Kalish,* 166 N. Y. 368; *Matter of Hitchcock,* 222 id. 57; Real Prop. Law, § 42; Pers. Prop. Law, § 11.) A limitation of a trust estate for an arbitrary period of time, such as fifty years, is valid, provided a termination at an early period is called for by the expiration of two lives in being at the creation of the trust. (*Schermerhorn* v. *Cotting,* 131 N. Y. 48, 58; *Montignani* v. *Blade,* 145 id. 111; *Matter of Andrews,* 133 Misc. 365; *Cohen* v. *Wacht,* 137 id. 679; affd., 231 App. Div. 801; *Matter of Innerfield,* 153 Misc. 706, 708; *Farley* v. *Secor,* 167 App. Div. 80, 83.) While there is no express direction for the termination of the trust in the event of the death of the beneficiary prior to the expiration of the stipulated period of ten years, it may be fairly implied in the light of testator's directions and evident intention. There are two directions in the same paragraph, one to pay his son the " earnings " for a period of ten years and the other to pay him the " whole of said share " at the end of the designated period, neither of which could be complied with unless the beneficiary were alive. Hence, it was intended that the term should fall within his life. (*Farley* v. *Secor, supra.*) There is no express direction in the will that the trust should continue beyond the life of the beneficiary. The provisions for payment of the " earnings " and the " whole of said share " to his son clearly indicate that the testator contemplated only the contingency that his son would be alive at the end of the stipulated period. Furthermore, no other beneficiary is designated to receive the income of the trust in the event of the death of the beneficiary prior to the expiration of the ten-year period. In my opinion, the testator intended that the trust was to continue for ten years or as long as his son Thomas lived if the latter period was less than ten years. Inasmuch as the trust will not continue for a period longer than the life of the beneficiary, the fact that it was also limited on a term of years within that life did not result in a violation of the statute. (*Cohen* v. *Wacht, supra; Matter of Innerfield, supra.*)

Even though there is no express bequest or devise to a trustee such may be implied in view of the evident intention to create a trust. (*Felter* v. *Ackerson,* 35 App. Div. 282.) The remainder of the trust is vested in the beneficiary. The provisions of the will which follow the outright gift merely qualify the method of enjoyment but do not affect the remainder interest which passes to Thomas under the outright bequest. (*Felter* v. *Ackerson, supra; Matter of Gould,* 144 Misc. 670.)

The will is, therefore, construed to create a valid trust of one-half of the residuary estate for the benefit of testator's son Thomas,

with income payable to him annually for a period of ten years and the corpus at the end of said period, which will end in the event of the beneficiary's death within ten years and that the provisions thereof do not violate the rule against the suspension of alienation. Submit decree accordingly.