In the Matter of the Accounting of MARJORIE M. ABBOTT, as Administratrix C. T. A. of the Estate of HENRY W. ABBOTT, Deceased.

Surrogate's Court, Westchester County, April 10, 1946.

*Frederick H. Koschwitz* for petitioner.

*Budd, Bertine & Quencer* for Gramatan National Bank & Trust Company of Bronxville, as successor trustee.

*Wm. Burdell Banister,* special guardian.

GRIFFITHS, S. In this proceeding for the judicial settlement of the accounts of petitioner as administratrix *c. t. a.* under the will of this decedent, request is made for the construction of paragraph " THIRD " thereof.

The decedent died a resident of this county on March 26, 1942, survived by his wife, the petitioner herein, and three daughters, all of whom are now of full age and sound mind.

His will, dated March 24, 1930, was duly admitted to probate in this court on May 20, 1942.

After providing for a specific bequest of his household goods, jewelry and personal effects to his wife, the testator, by said paragraph " THIRD " of his will, created a residuary trust wherein and whereby he directed that his wife enjoy the occupancy of " any one residence property that I may own at the time of my death " rent free, and that the net income from the remainder of his estate be paid to his wife " during her life time or until the termination of this trust as hereinafter provided; * * *." The testator further directed that in the event such net income amounts to less than $600 per month, the trustee shall pay to her such part of the corpus as may be required " in order to provide my said wife with an income from this source of not less than that amount." Provision is also made for the contingency of his wife's dying before the termination of the trust in which event the trustee is directed to apportion the income to each of the testator's three named daughters and any other child born of the marriage, in equal shares, with a like direction that should the income payable to each child amount to less than $200 per month, " the deficiency shall be made up from the corpus." The remaining pertinent provisions of paragraph " THIRD " read as follows: " At the expiration of ten years from the date of my death, the corpus of this fund shall be divided into such number of equal shares as will provide one share for my wife if she be then living, one share for each of my children then surviving and one share for the issue of any child who may then be deceased leaving issue then surviving.

" The share of my wife shall be paid over to her, free and discharged of the trust, and thereafter she shall have no further interest either in the income or corpus of this fund.

" The share of each of my children who are then surviving shall be retained by the Trustee and the income therefrom paid over to each until they respectively attain the age of twenty-five years at which time one-third of such child's share so attaining such age shall be paid over, free and discharged of the trust, and thereafter the net income from the remaining share shall be paid over until such child attains the age of thirty years whereupon a second payment of one-third of his or her original share shall be made to him or her, and thereafter he or she shall receive the income from the remaining share until he or she attains the age of thirty-five years whereupon the trust herein with respect to such child's share shall

end and the corpus thereof shall be transferred, assigned and paid over to him or her, free and discharged of any trust whatsoever. In event of the death of any of my said children before they shall have received or come entitled to receive their full share of the corpus of this fund in accordance with the foregoing provisions, if such child shall leave issue surviving, such part of such deceased child's share as then remains in the hands of the Trustee shall descend to and be distributed among his or her issue, in such manner as he or she shall by his or her last will and testament direct and, in default of such testamentary direction, to such issue in equal shares. If any of my said children shall die before having received his or her full share of the corpus hereof without leaving issue surviving, the corpus of such deceased child's share then remaining in the hands of the Trustee shall be distributed, share and share alike, among the survivors of my wife and children, the issue of any child who may then be deceased leaving issue them surviving to take their parent's share by representation.

" If any of my children shall have died prior to the expiration of ten years from the date of my death and the division of this fund as hereinbefore provided leaving issue him or her surviving, the share hereinbefore directed to be set apart for the issue of such deceased child shall, unless such deceased child has otherwise directed by will, be retained by the Trustee hereunder and the income therefrom, together with so much of the corpus as the Trustee may deem necessary or advisable be expended for the support, maintenance and education of such issue during their minority and an equal share therein paid over to each when they respectively attain the age of twenty-one years."

The validity of the primary trust for the benefit of testator's wife is well supported by the authorities. (*Matter of Drury,* 249 N. Y. 154, motion for reargument denied 249 N. Y. 568; *Kahn* v. *Tierney,* 135 App. Div. 897, affd. 201 N. Y. 516; *Matter of Hicks,* 221 App. Div. 378; *Cohen* v. *Wacht,* 137 Misc. 679, affd. 231 App. Div. 801; *Matter of Innerfield,* 153 Misc. 706; *Matter of Bay,* 178 Misc. 737; *Crooke* v. *County of Kings,* 97 N. Y. 421; *Schermerhorn* v. *Cotting,* 131 N. Y. 48.) Although the will does not expressly so provide, an examination of the instrument as a whole shows a clear intent of the testator to limit the duration of such trust for the benefit of his wife to her natural life, or a period of ten years, whichever is the shorter. The failure to expressly direct that the trust continue

beyond the death of the beneficiary or to provide for any other disposition of the income of the trust in the event of her death before the expiration of the ten-year period, indicates such intent. (*Matter of Bay, supra.*) As thus construed, the will does not violate the rule against the suspension of the power of alienation as prescribed by our statutes. (Personal Property Law, § 11; Real Property Law, § 42; see 4 Restatement, Property, ch. A, ¶ 67, Appendix.)

Nor does the further plain testamentary scheme of establishing separate secondary trusts for the benefit of each of the testator's children surviving at the termination of the primary trust unlawfully suspend the power of alienation. (*Matter of Jaycox*, 233 App. Div. 67, affd. 258 N. Y. 587; *Matter of Horner*, 237 N. Y. 489; *Vanderpoel* v. *Loew*, 112 N. Y. 167.)

It follows, therefore, that at the expiration of the primary trust occasioned either by the death of the beneficiary thereof, or the expiration of ten years from the date of death of testator, whichever is shorter, the corpus then remaining shall be divided into such number of shares as will provide one share for the testator's wife, if living, and one share for each of his three daughters. Pursuant to the provisions of the will, the shares of the respective daughters will be retained by the trustee in separate trusts for the prescribed periods and payments of income and principal made to the respective beneficiaries as directed.

The effect of the provision for the retention by the trustee, during minority, of the shares distributable to the issue of any deceased child, in default of the exercise of the power of appointment conferred upon their parents, is to vest such shares in the respective issue absolutely, the possession and full enjoyment thereof being only deferred as directed. Where, as here, there is an absolute gift, such provisions for the retention of the fund during minority have consistently received judicial approval. (See *Matter of Trevor*, 239 N. Y. 6, 15; *Matter of Carroll*, 274 N. Y. 288, 303.)

The will is construed accordingly. Settle decree.