In the Matter of the Accounting of MARGARET SCHULZ et al., as Executors of LOUISE WOGATZKY, Deceased.

Surrogate's Court, Queens County, January 17, 1949.

*George L. Stamm* and *G. Edward Stamm* for executors.

*Charles J. Costabell,* special guardian for Ameliese Altvater and others.

SAVARESE, S. In this accounting proceeding construction of the will is sought to determine the validity of a trust purported to be created thereby. Testatrix died June 26, 1947, leaving a will executed on October 16, 1944. The residuary estate is divided into three equal parts. One part is bequeathed outright to a brother in New Jersey. The other two parts are bequeathed by paragraphs Seventh and Eighth of the will, as follows:

" Seventh: The other two parts or portions of my estate I give, devise and bequeath to my Executors and Trustees hereinafter named, in trust nevertheless, to invest, reinvest and keep invested, the same, and to collect and receive the income therefrom and dispose of the principal and income thereof as follows:

" A. To pay over to or apply the entire income of my trust estate to the use and benefit of my niece MARGARET SCHULZ for a period of five (5) years from my death.

" B. That this trust herein created shall terminate five (5) years after the date of my death,

" C. Upon the termination of the trust as aforesaid, I direct my Executors and Trustees hereinafter named to divide my trust estate into two equal parts and portions, and I direct one of such equal parts and portions shall be paid to my brother FRIEDRICH MULLER, residing at Jossen, Amt. Lahde, Kreis Minden, Westphalia, Germany; and I hereby direct my Executors and Trustees hereinafter named to pay the other one-half of my trust estate, in equal shares to the three children of my deceased sister WILHELMINE KRUGER, residing in Windheim, Westphalia, Germany.''

" Eighth: I order and direct that in case any of the persons hereinbefore mentioned, namely FRIEDRICH MULLER, the three children of WILHELMINE KRUGER, and my brother WILHELM MULLER, shall have predeceased me, leaving issue, then I direct that such issue shall take the share of his or her deceased parent, such issue taking per stirpes and not per capita, and if any of such persons shall predecease me without leaving lawful issue, then I direct that the share of such deceased person shall be paid and distributed to his or her heirs at law or next of kin as the case may be.''

There is no doubt that testatrix intended to create an express income trust by the above-quoted provisions. Her choice of language to effectuate that purpose could not have been more clear. It is well settled that a trust whose term is measured solely by reference to a definite period of time, no matter how brief, is void because it may last longer than two lives in being at the creation thereof. (Real Property Law, § 42; Personal

Property Law, § 11; *Matter of Hitchcock,* 222 N. Y. 57; *Matter of Dietz,* 42 N. Y. S. 2d 708, affd. 266 App. Div. 755, leave to appeal denied 290 N. Y. 930; *Matter of Teves,* 78 N. Y. S. 2d 8.) A trust for a definite period of time is lawful, however, where there can be found, expressly or by implication, an additional limitation of one or two lives in being. (*Schermerhorn* v. *Cotting,* 131 N. Y. 48; *Matter of Drury,* 249 N. Y. 154; *Kahn* v. *Tierney,* 135 App. Div. 897, affd. 201 N. Y. 516; *Farley* v. *Secor,* 167 App. Div. 80; *Matter of Innerfield,* 153 Misc. 706; *Matter of Bay,* 178 Misc. 737; *Matter of Mitchell,* 73 N. Y. S. 2d 910; *Matter of Ayres,* 76 N. Y. S. 2d 897; *Matter of Rostick,* N. Y. L. J. Jan. 7, 1949, p. 87, col. 5.) A construction upholding a provision in a will is preferred to one invalidating it. (See Davids on New York Law of Wills, § 494.) Wherever possible a will is to be construed so as to avoid intestacy. (Davids on New York Law of Wills, § 497.) As there is no disposition of the income of this trust in the event of the death of the niece before the end of the five-year period, there would be a possibility of partial intestacy, as well as invalidity, if the will were construed as directing the continuance of the trust for five years certain. Furthermore, a trust cannot survive the purpose of its creation. (*Crooke* v. *County of Kings,* 97 N. Y. 421, 437.) The purpose of this trust as gathered from the terms of the will is to provide income for the named niece for five years. Such a provision justifies the inference that the testatrix did not intend the trust to continue should the niece die before the end of that period. It has been suggested in the briefs that the motive of the testatrix was to postpone the distribution of her estate until the end of the then raging war between the United States and Germany, as the remaindermen are all enemy aliens. That may have been her reason for using the trust device, although it does not so appear from the terms of the will, but the war has no bearing on the continuance of the trust as she created it. On the other hand, the continued life of the niece bears directly thereon. As there is no express provision in the will to the contrary, the court holds that the trust is measured by the life of the niece with a maximum term of five years from the date of the testatrix' death. As so construed the trust is valid.    •

This matter is set down for hearing on January 31, 1949, at 10:00 A.M. for the purpose of taking proof with respect to the personal claim of one of the accounting parties pursuant to section 212 of the Surrogate's Court Act.