William J. Regan, S.
A construction proceeding of paragraph 18th of the will of the above decedent has been brought. This paragraph provides for a trust of the residuary estate for the benefit of certain children living at the time of testatrix’ decease. There are seven such children. The pertinent paragraph of this section reads as follows: “At the time the youngest of said children living at my decease attains the age of twenty-one (21) years, or would have attained the age of twenty-one (21) years, I direct my Trustee to pay over, and I give, devise and bequeath the then principal of said trust fund to such children of veroitica murpi-iy goodeellow, margaret murphy oberholdt and edward l. murphy who were living at the time of my death, or the survivors of them, in equal shares.” The problems with relation to the suspension of the power of alienation are among the most complex in Surrogate practice. The statutes with relation thereto are found in section 42 of the Real Property Law and section 11 of the Personal Property Law.
*522 Mary Leahy Brennan died on May 2, 1955, and her will was probated in this court on August 10, 1955. At that time section 42 of the Beal Property Law stated; “ Suspension of power of alienation. The absolute power of alienation is suspended, when there are no persons in being by whom an absolute fee in possession can be conveyed. Every future estate shall be void in its creation, which shall suspend the absolute power of alienation, by any limitation or condition whatever, for a longer period than during the continuance of not more than two lives in being at the creation of the estate;-except that a contingent remainder in fee may be created on a prior remainder in fee, to take effect in the event that the persons to whom the first remainder is limited, die under the age of twenty-one years, or on any other contingency by which the estate of such persons may be determined before they attain full age. For the purposes of this section, a minority is deemed a part of a life, and not an absolute term equal to the possible duration of such minority. Lives in being shall include a child begotten before the creation of the estate but born thereafter.” (L. 1929, ch. 229.)
This section was changed effective on September 1, 1958, so that presently section 42 reads as follows: ‘ ‘ Suspension of power of alienation. The absolute power of alienation is suspended, when there are no persons in being by whom an absolute fee in possession can be conveyed. Every future estate shall be void in its creation, which shall suspend the absolute power of alienation, by any limitation or condition whatever, for a longer period than during the continuance of lives in being at the creation of the estate and a term of not more than twenty-one years. Lives in being shall include a child begotten before the creation of the estate, but born thereafter. In no case shall the lives measuring the permissible period be so designated or so numerous as to make proof of their end unreasonably difficult.” (L. 1960, ch. 448.)
The amended section took effect September 1, 1958, and applied to estates of persons dying on or after that date. Consequently, the earlier section 42 will have to be applied in this case. Under the section at that time the power of alienation would have been suspended for a longer period than two lives in being. It appears also that the measuring stick of this alleged trust would have been a period of years from the age of the youngest child until he would have attained the age of 21 whether he lived or died. This, then, makes for an invalid trust and the court believes there should be an acceleration of same and that the principal and any accumulated income should be *523 divided equally among the seven beneficiaries. Matter of Muro (98 N. Y. S. 2d 732, 733) is a case in point: " Thus the testator has directed that the trust continue for a period of sixteen years whether or not Edward Muro Jr. lives until he is thirty years old. Testator has attempted to suspend the absolute power of alienation of the devised realty for a definite period of time in violation of section 42 of the Real Property Law. Matter of Hitchcock’s Will, 222 N. Y. 57 * * *; Kalish v. Kalish, 166 N. Y. 368 * * *; cf. Matter of Wogatzky, 194 Misc. 101 * *. The trust provisions are therefore invalid. ’ ’
The court will carry forth what is evidently the intent of the testatrix. Though the clause herein considered has been decided to be invalid, the remainder can be accelerated. In Matter of Brecke (192 Misc. 920, 925): " Will those who would take upon the termination of the valid provisions of the trust necessarily be the same as those who would have taken upon the natural termination of the invalid provisions 1 Will the quantity or proportionate share of the property involved which each beneficiary would receive upon the termination of the valid provisions of the trust necessarily be the same as a matter of law as that each would have received under the normal termination of the invalid estate Í If the answer to each of these questions is in the affirmative, the remainders will be accelerated and become effective at once. ’ ’
By way of comment, the amendments to section 42 after 1958 have liberalized this statute by changing the permissible period from " two lives ” to " lives ” and there is also added the rule that "In no case shall the lives or minorities measuring the permissible period be so designated or so numerous as to make proof of their end unreasonably difficult
A publication entitled " Statutory Change in the New York Rule against Perpetuities ” by Richard R. Powell in the New York Law Journal of March 25,1958 (p. 4, col. 1) and March 26, 1958 (p. 4, cols. 1, 3) sums up the changes as follows: " These new statutes do not make the rule against perpetuities simple or understandable by every layman or even by every lay-lawyer. They move in that direction, however, and thus are good. ’ ’
Reiterating, in the proceeding before it, the court finds this trust to be invalid and should be terminated.